## GAY *et al.* v. DEMOTT.

FISH, C. J. 1. Where the proper foundation is laid, secondary evidence of the contents of a lost deed is admissible; but before such evidence can be admitted, the existence and due execution of the deed must be shown. *Dasher* v. *Ellis,* 102 *Ga.* 830, 833 (30 S. E. 544), and cases cited.

2. In the present case the only witness offered to prove the existence and execution of the lost deed was the alleged grantor. The copy deed offered in evidence purported to have been signed by this witness, and to convey a lot of land to two persons as tenants in common. On direct examination the witness testified, that she had owned the land and had sold it to one of the alleged grantees about twenty years before the trial, and made him a deed; and that the copy of the deed offered in evidence " appears to be a copy of the deed I made. The best I can remember; it has been quite a while since it was done." On cross-examination the witness testified: " My father brought the deed to the bed, and I signed it. I do not know what land was described in the deed. I did not read it. My father showed me where to sign it. I said I was sick at that time. I do not know what was in the paper. I could not say that this paper is a copy of the paper I signed. I did not read the paper over." *Held,* that the copy deed offered in evidence was properly rejected; counsel stating at the time that he did not offer it as a certified copy from the record of deeds, but solely upon the ground that the execution had been proved by the testimony of the maker.

3. " In order for a plaintiff in ejectment to recover upon proof of an un-abandoned prior possession (no written color of title in the possessor being shown), against one who subsequently acquires possession by mere entry and without any lawful right, the evidence must show that the possessor had actual possession of the whole tract; or, if he was in actual possession of only a part of the tract, the evidence must so define the boundaries of the part that it may be described in the verdict." *Keen* v. *Georgia Trading Co.,* 149 *Ga.* 264 (99 S. E. 888).

4. Applying the principles stated to the evidence for the plaintiffs, the court properly granted a nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 2614.    FEBRUARY 21, 1922.

Ejectment.    Before Judge Thomas.    Colquitt superior court. April 8, 1921.

*W. C. Mather* and *Dowling & Askew,* for plaintiffs.

*Shipp & Kline* and *Hill & Gibson,* for defendant.