BANK OF MANCHESTER *v.* BIRMINGHAM TRUST AND SAVINGS COMPANY, trustee.

ATKINSON, J. 1. In one ground of the motion for new trial complaint is made of the admission of a carbon copy of a letter, over the objections: (a) It was not signed by any one. (b) Sufficient proof of loss of the original had not been adduced to authorize the introduction of secondary evidence. (c) It was not shown that the original letter was properly stamped, addressed, and mailed to the person to whom it was written. Considering this ground of the motion for new trial in connection with certain admissions made in open court as to the loss of the original, and other evidence as to the authorship of the original letter and its receipt by the person to whom it was addressed, there was no merit in any of the grounds of objection urged to the admissibility of the evidence.

2. Where a deed to secure debt is made to a corporation which is afterwards adjudged to be a bankrupt, and another corporation as trustee of such bankrupt brings suit in a court of this State upon the debt and secures a judgment in its name as such trustee, the trustee in bankruptcy, upon whom the title to property of the bankrupt devolves by operation of law under section 70(a) of the bankruptcy act (1 Fed. Stat. Ann. 1150), as "holder of the title" to the property embraced in the security deed, can, without the order of any court, file a quitclaim deed to the vendor in such deed, for the purpose of levy and sale under the execution obtained on the judgment rendered in the suit. Civil Code (1910), § 6037.

3. A seal is not essential to the validity of a deed in this State. Civil Code (1910), § 4179; *Atlanta, Knoxville &c. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (5) (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); *Patterson* v. *Burns,* 150 *Ga.* 198 (2) (103 S. E. 241).

4. It is declared in section 21 (d) of the bankruptcy act (1 Fed. Stat. Ann. 757), that "Certified copies of proceedings before a referee,

shall be admitted as evidence with like force and effect as certified copies of the records of district courts of the United States are now or may hereafter be admitted as evidence." 30 Stat. L. 552. *Held,* . that this provision of the act authorizes admission in evidence of certified copies of proceedings before a referee in bankruptcy upon the certificate of the referee (*McLanahan* v. *Blackwell*, 119 *Ga.* 64, 45 S. E. 785), and does not require that the certificate be under seal.

(*a*) There is no provision of law for an official seal for a referee in bankruptcy.

(*b*) The case differs from *Thomasson* v. *Driskell*, 13 *Ga.* 253, where a certificate was issued by a clerk of an inferior court under the act of 1830 (Acts 1830, p. 121), which expressly required the certificate of an officer of the class mentioned to be issued " under his hand and seal of office."

5. A certificate of the order approving the bond of a trustee in bankruptcy constitutes conclusive evidence of the vesting in him of the title to the property of the bankrupt (bankruptcy act § 21 (e), 1 Fed. Stat. Ann. 757), and is proof of the due appointment of such trustee. Such certificate is evidence of the appointment of the trustee.

6. The grounds of the motion for new trial complaining of certain excerpts from the charge of the court, in so far as approved by the trial judge, show no cause for reversal on the grounds, as contended, that the charge did not accurately state the contentions of the claimant, or that the same were not properly adjusted to the pleadings and evidence, or did not state correct principles of law applicable to the case, or that the charge expressed the opinion of the judge on issues of fact, or that the charge submitted issues that were not made by the pleadings and evidence, or that the charge in its entirety was erroneous.

7. The evidence authorized, if it did not demand, a finding that the security deed was not infected with usury. The verdict finding the property subject was supported by the evidence, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 3541. SEPTEMBER 26, 1923.

Claim. Before Judge Roop. Meriwether superior court. November 28, 1922.

On May 4, 1914, Samuel Lovejoy executed a security deed under the provisions of the Civil Code (1910), §§ 3306 et seq., conveying described realty to the Standard Home Company, as security for a loan. While the security deed was outstanding a judgment was obtained against Samuel Lovejoy by the Georgia Real Estate Loan and Trust Company, dated February 3, 1919, in the city court of Greenville. A fi. fa. issued upon the judgment was levied on the same land that was conveyed by the security deed, as the property of Samuel Lovejoy, and the land was sold, March 4, 1919, to B. A. Dunn and I. H. Davis, and a deed was duly executed by the

sheriff to the purchasers.   On March 7, 1919, Dunn and Davis executed a deed to the Bank of Manchester.   Subsequently to the record of both of the deeds last mentioned, the Birmingham Trust and Savings Company, as trustee in bankruptcy of the estate of the Standard Home Savings Company, bankrupt, obtained a judgment dated March 2, 1920, against Samuel Lovejoy on the debt described in the security deed, and eleven days thereafter caused execution to issue based on the judgment.   At a later date during the same month the Birmingham Trust and Savings Company as trustee executed a quitclaim deed to Samuel Lovejoy, reconveying the land described in the security deed, in order that it might be levied upon and sold under the judgment and fi. fa.   It does not appear that the deed was recorded, but nevertheless the sheriff made upon the fi. fa. an entry of levy on the land.   After the date of that entry the Bank of Manchester filed its statutory claim.   The claim case was tried, and a verdict was returned finding the property subject. The claimant excepted to a judgment refusing a new trial.

*M. I. O'Neal, N. F. Culpepper,* and *J. F. Hatchett,* for plaintiff in error.

*McLaughlin & Jones,* contra.