### 35061. DUKES *v.* THE STATE.

GARDNER, P. J. 1. (*a*) The defendant was convicted of illegally possessing and controlling distilled spirits and alcohol which did not bear the tax stamp required by Code § 58-1056. He filed his motion for new trial on the general grounds, and thereafter added three special grounds. The motion was overruled. Error is assigned on this judgment.

(*b*) The evidence for the State was substantially as follows: Sheriff E. L. Hatton and Deputy Sheriff Gordon Woods located two jugs of whisky in some woods a short distance from where the defendant lived. The officers concealed themselves and, after waiting for some time, the defendant arrived with Joe Spivey in Spivey's car. The defendant and Spivey stopped in the road opposite where the whisky was buried in the grass, weeds, and palmettos. The defendant alighted from the car and went to where the two jugs were hidden. The defendant carried a pint bottle with him to the place where the whisky was hidden. He raised one jug of the whisky up to his head and began taking a drink out of it. When this happened the officers "raised up," and Sheriff Hatton remarked, "Let me have that Alex." At that time the defendant threw the jug of whisky which he had in his hands into the road and Deputy Sheriff Woods picked it up. The sheriff then asked the defendant to move around. The sheriff picked up the other jug of whisky. This last jug was practically between the defendant's feet. We will discuss the other evidence in more detail as we treat the special grounds. There was testimony to the effect that the containers did not have any

revenue stamps attached to them. Insofar as the general grounds are concerned, the verdict is supported by the evidence. The evidence for the State and for the defendant is in sharp conflict, but the jury believed the State's evidence. The defendant in his statement admits that he had gone to this particular spot where the whisky was found, and admits that he went there for the purpose of pouring some whisky from the jug into a bottle to take it to a sick friend. At the time the officers apprehended the defendant, he did not tell them anything concerning whether or not he was obtaining the whisky for a sick friend. We know of no law that would authorize anyone to illegally possess non-tax-paid whisky for the benefit of a sick friend or for anyone else. So far as the general grounds are concerned, it would seem that the defendant made a plenary confession of violating the law. Counsel for the defendant cite *Graham* v. *State,* 150 *Ga.* 411 (104 S. E. 248), for the proposition that the evidence in this case was insufficient to authorize a verdict as to the general grounds. The principle set forth in the *Graham* case is not applicable here. The gist of the ruling there is to the effect that one cannot be convicted of possessing and controlling intoxicating whisky on evidence that he was seen intoxicated. Counsel for the defendant also call our attention to *Mathis* v. *State,* 28 *Ga. App.* 65 (110 S. E. 342). The facts in that case are not similar to those in the instant case. The assignments of error on the general grounds are without merit.

Special ground 1 complains because the court admitted, over objections of the movant, the conversations between the defendant and the sheriff to this effect: The sheriff said: "Alex it looks like you would want to stay out of trouble. It looks like you enjoy it." And further, when the sheriff asked Joe if he wanted to go back to the Federal Penitentiary, and Joe said he didn't, the sheriff informed him that he was in a good way to go back. This was objected to on the ground that it put the defendant's character in evidence. We think that this evidence was admissible as a part of the res gestae, if for no other reason, and for the further reason that the defendant in his statement injected his character into issue. He stated: "I work for a living and I don't *now* fool with the liquor business." (Italics ours.) This, in connection with all other facts bearing on the question, renders this special ground without merit.

Special ground 2 assigns error because the court admitted in evidence the conversation between Sheriff Hatton and Joe Spivey, said conversation being in the presence of the defendant, and, in this same special ground and in connection therewith, because the sheriff was permitted to testify over objection that he had found a still near the defendant's house, where whisky had been made. While it is true that the sheriff testified with reference to finding a dismantled still, he further stated that he had never seen the defendant there and did not know whose still it was, nor on whose land it was located. We think that, under all the facts of this case and in rebuttal to the defendant's statement that he was not *now* in the liquor business, this evidence was admissible as a circumstance to rebut his statement. Under all the facts and circumstances of this case, we find no merit in this special ground.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 13, 1954.

*Elie L. Holton, James L. Boatright,* for plaintiff in error.
*W. Glenn Thomas, Solicitor-General,* contra.