20205. MITCHELL v. UNITED STATES OF AMERICA et al.

ARGUED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958.

*Cain & Smith,* for plaintiff in error.

*Frank O. Evans, U. S. Attorney, W. Howard Fowler, Assistant U. S. Attorney, P. C. Andrews, Sr., Altman & Johnson,* contra.

DUCKWORTH, Chief Justice. ■ The sole issue between Guyton Mitchell and the United States as made by their pleadings was whether or not the United States' claim for taxes was barred by the statute of limitations (26 U. S. C. A. § 6502), and this depended entirely upon the time when his offer of compromise was rejected. The first special ground complains because a paper purported to be a carbon copy of a letter from Mitchell Canneries, Inc., to the Collector of Internal Revenue was introduced over objections that the foundation for its introduction had not been laid. We reject at the outset the contentions of the government that it was admissible, not to prove facts, but to explain

conduct. The decisions in *Moss* v. *Youngblood,* 187 *Ga.* 188 (200 S. E. 689), and in *Altman* v. *Strouse,* 210 *Ga.* 282 (79 S. E. 2d 801), relied upon by counsel, do not support the contentions. Where the original is lost and accounted for, secondary evidence is allowed and is primary evidence. Code § 38-702. To admit secondary evidence as here provided, it is necessary to prove that there has been an original and that it is lost. *Bigelow* v. *Young,* 30 *Ga.* 121; *Durham* v. *Holeman,* 30 *Ga.* 619; *Gay* v. *DeMott,* 153 *Ga.* 19 (111 S. E. 379); *Bank of Manchester* v. *Birmingham Trust &c. Co.,* 156 *Ga.* 486 (119 S. E. 603). But where it is proved that a genuine original was executed, proof that a proffered document is an exact carbon copy of that original is sufficient to admit in evidence the carbon copy without proving loss of the original. *Carmichael Tile Co.* v. *McClelland,* 213 *Ga.* 656 (100 S. E. 2d 902). There was not a scintilla of evidence offered here to prove the execution or mailing, or receipt of an original. It was prejudicial, and the court erred in admitting it.

■ The second special ground complains of the charge because it gave Code § 38-107 on the preponderance of evidence, but omitted to give the portion requiring the jury to consider the credibility of the witnesses as the same may appear from the trial. Counsel sharply disagree upon the merits of this ground. Government counsel take the position that charging in substance the relevant principle of the section is sufficient, and they cite in support of this position *State Highway Board* v. *Bridges,* 60 *Ga. App.* 240 (4) (3 S. E. 2d 907), *Cotton States Mutual Ins. Co.* v. *Rentz,* 95 *Ga. App.* 887, 898 (99 S. E. 2d 438), and *Vinson* v. *C&S Nat. Bank,* 208 *Ga.* 813, 821 (69 S. E. 2d 866), which authorities support their contention. But counsel for the plaintiff in error take the position that, where the judge undertakes to charge this section, he must charge all of it that is relevant to the facts, and they cite *Shankle* v. *Crowder,* 174 *Ga.* 399, 410 (163 S. E. 180), *Garner* v. *Wood,* 188 *Ga.* 463 (4 S. E. 2d 137), *Renfroe* v. *Hamilton,* 193 *Ga.* 194 (2) (17 S. E. 2d 709), and *Fountain* v. *McCallum,* 194 *Ga.* 269 (12) (21 S. E. 2d 610), which cases support their contention. In fact, when fully analyzed the attorneys are in complete accord as to the rule of law. A look at the facts is enough to enable us to decide the question raised.

Mitchell offered no evidence except his oral testimony, and in giving that testimony his credibility might well have been shown on the trial, but the charge forbade the jury's consideration thereof. The government's case was largely shown by documentary evidence, which could not be thus tested for credibility. Anyone experienced in the trial of cases knows the tremendous effect upon the jury of the personal appearance of witnesses. We are neither inclined nor allowed to speculate or guess that the jury was not affected by the charge. It was erroneous and presumptively it injured this complainant. The error demands a reversal.

■ Special grounds 4a, 5a, 6a, and 7a are so similar that they will all be dealt with together. As pointed out above, the respective pleadings make a single issue for decision, and that is whether or not the admittedly correct tax claim of the government is barred by limitations, and this is determined by the time when the compromise offer of settlement was rejected, since the date it was made is agreed upon. This plain statement of the only issue demonstrates the utter irrelevancy of all matters not related thereto. It shows that offers of compromise of withholding taxes, of unemployment taxes, and old-age-benefit taxes for the years 1947 and 1948, made by Mitchell Canneries, Inc., excepted to in 4a, are wholly irrelevant to the true issue. Likewise, special ground 5a, excepting to what purports to be an amendment of a compromise offer by Mitchell Properties, Inc., which proposed to pay $18,500, and a letter attached reciting that other offers of compromise were withdrawn and are being paid in full, shows reversible error in allowing the documents over objections. Also ground 6a, excepting to the allowance in evidence, over objection, of documents purporting to be an offer of compromise by Virginia S. Mitchell of tax claims against her for 1946, as well as ground 7a, a statement purporting to have been attached to the offer of compromise made by Mitchell Canneries, Inc., were all meritorious exceptions and require a reversal.

Since the parties knew a single simple issue was presented for determination, it should have been clearly evident that all this documentary evidence concerning totally different parties on entirely different matters would, instead of illuminating that

issue, becloud and confuse it. And since all this voluminous documentary evidence related to parties in some way related to Guyton Mitchell, it tended to prejudice the jury against him.

The contention of counsel for the government, that this documentary evidence tended to show that all tax matters including those of Guyton Mitchell were, with his consent, handled by Fondren Mitchell, and that it showed reasons for delay upon the part of the government in rejecting Guyton Mitchell's offer of compromise, is unsound, for the reason that it is utterly immaterial who handled his offer or what caused the delay, or any reason therefor, in rejecting it. The rejection is valid irrespective of who made the offer, or what, if anything, caused the delay in rejecting the offer of compromise. Independent of all this documentary evidence and who made the offer for Guyton Mitchell—or whether or not any reason existed for the government's delay in rejecting it—the limitation statute was tolled during the pendency of the offer and for one year after its rejection. Obviously, therefore, all the evidence complained of was irrelevant and unrelated to the issue being tried. Since we rule that the taxpayer is denied the benefit of the limitation statute from the filing of his offer of compromise until one year after its rejection, there is no need for considering the numerous authorities cited by counsel holding that he would be estopped to benefit by delays which he caused. Each of these grounds shows cause for reversal.

The foregoing rulings require a reversal, hence no ruling is necessary on the ground alleging newly discovered evidence since a new trial will be granted. The other grounds are expressly waived.

*Judgment reversed. All the Justices concur.*