### 44575. FOSTER v. LANKFORD.

SUBMITTED JULY 9, 1969—DECIDED OCTOBER 31, 1969.

574

*Smith, Gardner, Wiggins, Geer & Brimberry, Peter Zack Geer,* for appellant.

HALL, Judge. It is basic hornbook law that a foreign judgment generally is entitled to receive the same faith and credit in every other State that is accorded to it in the State where rendered; therefore, a foreign judgment is not entitled to full faith and credit where the court rendering it had no jurisdiction over the person. 50 CJS 473, § 889; 30A AmJur 328, § 262.

"In an action brought against a nonresident for injuries sustained in a motor vehicle accident in the State of the forum, wherein service of process is sought or has been effected against the nonresident by substituted service under a non-resident motorists act, it is generally held that the complaint must allege that service of process against the nonresident may be effected pursuant to the nonresident motorists act." 8 AmJur2d

438, § 886. The Georgia Nonresident Motorists' Act (*Code Ann. Ch.* 68-8), like that of all other States, is in derogation of the common law and must be strictly construed. *Tomlinson v. Sadler*, 99 Ga. App. 482, 484 (109 SE2d 84); *Mull v. Taylor*, 68 Ga. App. 663, 670 (23 SE2d 595). It is inapplicable where the defendant is a resident of the State. *Young v. Morrison*, 220 Ga. 127 (137 SE2d 456); *Davis v. Holt*, 105 Ga. App. 125, 130 (123 SE2d 686). Furthermore, it has not been altered by the Civil Practice Act of 1966 (*Code Ann. Ch.* 81A). Therefore, where a plaintiff sued on a foreign judgment and the judgment roll is put into evidence showing on its face that the court of the State rendering the judgment sued on had no jurisdiction over the person the same is void, i.e., jurisdiction over the person of an Arkansas resident could not be acquired by service under the Arkansas Nonresident Motorists Act. *Way v. Turner*, 80 Ga. App. 814 (57 SE2d 439); *Greenfield v. Chronicle Printing Co.*, 107 Ga. App. 442 (130 SE2d 526); *Allied Finance Co. v. Prosser*, 103 Ga. App. 538 (119 SE2d 813); *Lurey v. Jos. S. Cohen & Sons Co.*, 86 Ga. App. 356 (71 SE2d 689).

Is the above principle of law altered in any way by the fact it has been stipulated in the court below that the defendant was in fact a nonresident of Arkansas at the time the alleged cause of action occurred? In our opinion it does not. If a judgment is void, then there is nothing to correct for the reason that it is an inherent defect that is beyond cure. Georgia Procedure and Practice, 473, § 21-19 (1957).

The trial court erred in entering judgment for the plaintiff.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*