### 33872. RAVAN v. STEPHENS.

MARSHALL, Justice.

Plaintiff Stephens, owner of land fronting on U. S. Highway 129, brought an action against defendant Ravan, owner of adjacent landlocked land, to enjoin Ravan's use of a road through Stephens' land for access to Highway 129. The defendant counterclaimed, seeking damages, injunction of plaintiff's interference with the defendant's use of the road, and a land-line adjudication. The plaintiff moved for summary judgment as to all the issues in the case. Following a hearing, the court granted the plaintiff's motion for summary judgment. The court ruled that the parties had settled all the issues except the land-line issue, and the court adjudicated the land line. The defendant appeals.

1. The appellant contends in his first and fourth enumerations of error that the trial court erred in holding as a matter of law that the parties had settled all of the issues in the case except for the land-line issue.

At a hearing on May 16, 1977, at which both parties were present, counsel agreed that the "permanent" solution or arrangement would consist of acquiring an easement over an adjoining landowner's property, and constructing a road and a bridge suitable to carry the defendant's agricultural machinery. The cost of the construction was to be defrayed by the defendant's paying one half of it up to a maximum of $3,500, and the plaintiff's paying the balance. It was agreed that this solution was contingent upon the cost's not being "prohibitive" and upon the ability of the adjoining landowner to convey the necessary title.

At the hearing on the summary judgment motion, it was shown that the plaintiff, in reliance on the settlement, had acquired the necessary title; obtained binding, enforceable contracts from a qualified, experienced road and bridge builder to build the road and bridge to the stipulated capability; and tendered to the defendant these contracts, the easement, and the $7,000 difference between the cost of the construction and the $3,500 which the defendant had agreed to pay. The defendant contended that the terrain of the location of the easement tendered was too steep for the intended purpose.

This is a case that should be settled, for, in truth, the issues are not simple, and, from a careful examination of the record, the parties are not far apart in their positions.

Nevertheless, there remains an issue of fact which constituted one of the conditions of the proposed settlement, namely, the feasibility of the construction of the "substitute" road and bridge over adjacent land. The contracts (actually, offers) obtained by the appellee were based on the expert opinions of the contractors to the effect that a satisfactory road and bridge could be constructed on the terrain over which the appellee had acquired an easement for the benefit of the appellant. Yet, the appellant testified that the terrain was too steep for the purpose, although his knowledge of the specific location of the proposed road was disputed. Further, the appellant's counsel, acting for the appellant, rejected the settlement proposal by letter dated May 24th, only eight days after the May 16th hearing, at which the settlement offer was

made, and prior to receipt of several settlement documents in early June.

We cannot hold that there was a meeting of the minds of the parties. It was error for the trial judge to grant the plaintiff-appellee summary judgment as to the issue of settlement, since there remained a genuine issue as to a material fact. Code Ann. § 81A-156 (c) and citations thereunder.

2. Since there remained genuine issues as to material facts as to Ravan's counterclaims for his use of the road in question by irrevocable license (Enumeration of error 5) and use of the road as a public road (Enumeration of error 7), it was error to grant summary judgment for the appellee as to said issues.

3. In his third enumeration of error, the appellant asserts that the trial judge erred in converting the appellee's motion for summary judgment on the issue of settlement into a trial without a jury. Since the appellant was notified of a hearing on the appellee's motion for summary judgment, we hold that it was error, without other prior notice, for the trial court to conduct a nonjury trial with resulting rulings, including findings of fact and conclusions of law.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED MARCH 7, 1979 — REHEARING DENIED MARCH 27, 1979.

*Vaughn, Barksdale & Nation, A. R. Barksdale, Robert W. Maddox,* for appellant.

*Telford, Stewart & Stephens, W. Woodrow Stewart,* for appellee.