## 59409. VICTOR v. FIRST TRUST & DEPOSIT COMPANY.

MᴄMᴜʀʀᴀʏ, Presiding Judge.

Plaintiff brought this action to domesticate a New York judgment against defendant. Defendant Victor filed his answer and counterclaim denying the New York judgment and stating that plaintiff's complaint fails to state a claim upon which relief may be granted and that the judgment upon which plaintiff's complaint is predicated is void and ineffective for lack of proper service. Defendant's counterclaim alleges that plaintiff's action against him is malicious abuse of process.

After discovery, plaintiff filed its motion for summary judgment as to defendant's counterclaim. In response thereto, the defendant filed his affidavit showing that under the terms of the divorce agreement his former wife had agreed to assume this debt and denied service of process upon him in connection with the action on the debt.

Plaintiff then moved for summary judgment as to all issues, submitting in support thereof the affidavit of one Paul J. Ciciarelli who deposed he was employed by plaintiff as a process server and that he had personally served the complaint in the New York action on the debt of defendant by handing the complaint to him at his residence in Georgia. Defendant responded with another affidavit in which he stated that he "has never received proper process of service by any law enforcement agency or process server and has never attended any hearings in connection with this debt." The trial court granted plaintiff's motion for summary judgment against defendant as to both the main action and defendant's counterclaim. Defendant appeals. *Held:*

1. Although plaintiff has presented evidence of process in the New York action upon defendant by Paul J. Ciciarelli, there is no evidence presented by plaintiff which pierces defendant's contention that he (defendant) never received proper process of service by any law enforcement agency or process server and has never attended any hearings or trial of this alleged action. In the absence of proof of the relevant New York statute we must presume that the law of this state obtains. *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (2) (250 SE2d 813). The conflicting contentions of the parties create an issue of fact concerning whether defendant ever received proper process of service by any law enforcement agency or process server authorized to serve process on defendant in the New York action upon which the case sub judice is predicated. See Code Ann. § 81A-104 (c) (Ga. L. 1966, pp. 609, 610; 1967, pp.

226, 227, 228, 249).

The New York judgment shows on its face that judgment in default was entered against defendant due to his failure to appear or answer in the New York court. Defendant did not appear in the New York court and thus had no opportunity to litigate the issue of lack of personal jurisdiction. Therefore, a collateral attack is not precluded. *Ramsey Winch Co. v. Trust Co. Bank,* 153 Ga. App. 500. The trial court erred in granting summary judgment as issues of material fact remain as to whether the New York court's judgment is predicated on proper personal jurisdiction of the defendant.

2. The trial court was not required to enter findings of fact and conclusions of law in ruling on a motion for summary judgment under Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759). *Walker v. Walker,* 238 Ga. 273 (232 SE2d 554).

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED MARCH 20, 1980.

*Jerome C. Ware,* for appellant.
*Wayne C. Crowe,* for appellee.