### 61947. CITY OF BUFORD v. INTERNATIONAL SYSTEMS, INC.

McMurray, Presiding Judge.

International Systems, Inc. (ISI), entered into an agreement with the City of Buford, Georgia, as its client, effective when signed by both parties (November 11, 1977), the same to be in effect for a year from that date (November 11, 1977). ISI was to provide the client with federal funding reports and services with reference thereto and in accordance with request for same. The client agreed to pay ISI an annual fee of $15,000, $7,500 when the agreement was signed "and $7,500 on May 11, 1977" (1978-?). However, both parties agreed to change the amount of consideration so that the fee was to be paid in two payments, $7,500 when the agreement was signed and $7,500 upon satisfaction of the contractual terms established which was that if the client did not receive revenues or approved grants in at least the amount of the fee paid ISI would refund to the client the difference between the fee and the revenues received. Further, in the event the client did not receive revenues in at least the amount of the fee paid "the client will send a registered letter to ISI by the beginning of the twelfth month of the agreement requesting a refund of the difference between revenues received and the annual fee." If "ISI does not receive such a letter, ISI will assume that no refund is due."

The City of Buford, as plaintiff, thereafter sued International Systems, Inc., claiming that on November 11, 1977, plaintiff and defendant had entered into a written contract based on good and valuable consideration "that the defendant would procure federal grants and revenues on behalf of the plaintiff." Having received no such revenues or approved grants it has demanded refund of $7,500 having performed all of the stipulations, conditions and agreements. The defendant having failed and refused to refund the $7,500, it sought $7,500 plus interest from the date of breach, together with reasonable attorney fees.

Defendant answered pro se through its president by letter to the court denying the claim and thereafter answered certain requests for

admissions in similar fashion. Plaintiff then moved for summary judgment; the defendant employed counsel, and submitted the affidavit of its president with reference to the contract and the alleged breach and requested permission to withdraw and amend its admissions. The court allowed the defendant to withdraw its admissions and to answer same forthwith within 15 days of the order, and denied plaintiff's motion for summary judgment. After the answer by the defendant as to the request for admissions, defendant served certain requests for admissions upon the plaintiff, and it moved for summary judgment, attaching a further affidavit of the defendant's president in support thereof. The substance of its motion was that the plaintiff did not comply with the conditions precedent to the contract in order for it to be entitled to a refund "as evidenced by letter dated October 23, 1978," which was received by defendant on October 25, 1978, as the contract required that in order for the plaintiff to receive a refund it must advise the defendant (ISI) by registered letter to "ISI by the beginning of the twelfth month of the agreement requesting a refund of the difference between revenues received and the annual fee." The plaintiff's answer to defendant's request for admissions was to admit the sum and substance of the contract entered on November 11, 1977, by and between the parties, the explicit language therein with reference to receipt of a registered letter which must be sent to ISI "by the beginning of the twelfth month of the agreement requesting a refund of the difference between revenues received and the annual fee"; the later modification on December 6, 1977, as to the contractual payment obligations, whereby the additional $7,500 was not to be paid unless plaintiff received "satisfaction of contractual terms," that is, revenues or approved grants in at least the amount of the fee paid; time was of the essence of the contract; and the plaintiff did not send the required notice by registered mail requesting a refund until October 23, 1978, said notice "being received by Defendant on October 25, 1978." In opposition to defendant's motion for summary judgment the city manager, by affidavit, contended that "it was agreed that the defendant would procure federal grants and revenues on behalf of the plaintiff . . . [and] . . . if the plaintiff did not receive revenues or approved grants in at least the amount of the fee paid, the defendant would refund to the plaintiff the difference between the fee and the revenues paid." This affiant further deposed that notice with respect to this refund was sent to the defendant *by registered mail dated October 23, 1978,* and received by defendant *on October 25, 1978,* "which was prior to the beginning of the twelfth month of the amendment dated December 6, 1977."

Defendant's motion for summary judgment came on for hearing,

and the trial court entered its findings of fact, in general, un-controverted; and as set forth above, and held that the request for refund should have been sent by October 11, 1978, the beginning of the twelfth month, the same being in nowise changed by modification on December 6, 1977, of the payment terms, and that there was nothing in the modification which indicated an intent to alter the date the contract was effective. Defendant's motion for summary judgment was granted. Plaintiff appeals. *Held:*

In spite of the pleadings and the evidence by the city manager by affidavit contending that the defendant was to procure federal grants and revenues on behalf of the plaintiff it is quite apparent that the agreement by and between the parties was the contract of November 11, 1977, to provide the plaintiff with certain assistance in obtaining federal funding. Consequently, the other admissions and the contract are controlling here.

Looking to the contract dated November 11, 1977, as amended by the reduction in the consideration to $7,500 on December 6, 1977, the plaintiff was required by registered letter to request a refund of the difference between revenues received and the annual fee "by the beginning of the twelfth month of the agreement." Plaintiff contends that the date of October 23, 1978 (date of refund request) was prior to the beginning of the twelfth month of the amendment dated December 6, 1977. As the request for refund was sent on October 23, 1978, and time was of the essence of the contract, plaintiff failed to satisfy the condition precedent of the contract. The trial court did not err in awarding summary judgment as the existing contract was not superseded and discharged as they did not enter into a valid and inconsistent agreement completely covering the subject matter embraced by the original contract as was true in the case cited in the court's order. See *Hennessy v. Woodruff,* 210 Ga. 742, 744 (1) (2) (82 SE2d 859). On the contrary, the December 6, 1977, amendment incorporated the language "upon satisfaction of contractual terms established in Article 4." It only changed the obligations on the part of ISI as to producing concrete results before final payment.

The contract here was as to the same matter and no new parties were introduced by novation "so as to change the person to whom the obligation is due." See Code Ann. § 20-115 with reference to a novation. The original consideration had been $15,000 with the sum of $7,500 already paid. The parties then agreed to reduce the consideration to the amount of $7,500 already paid, with the additional sum to be due only upon satisfaction of the other terms of the original agreement. Consequently, there was no new consideration involved even though the amount could be reduced by the subsequent modification. See *Fair v. General Finance Corp.,* 147

Ga. App. 706, 707 (250 SE2d 9); *McCathern v. Bell,* 93 Ga. 290 (3) (20 SE 315).

A novation has four essential requisites: (1) a previous valid obligation; (2) agreement of all parties to the new contract; (3) extinguishment of the old contract; (4) validity of the new one. *Williams v. Rowe Banking Co.,* 205 Ga. 770, 771 (55 SE2d 123). The agreement here being between the same parties, concerning the same subject matter, and upon the same consideration ($7,500) as was the previous agreement, the modification which in effect reduced the amount from $15,000 to $7,500 already paid, was not a novation of the first one. *White v. Williams,* 87 Ga. App. 496 (1) (74 SE2d 363).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 28, 1981.

*Glyndon C. Pruitt,* for appellant.
*J. Ralph McClelland III,* for appellee.