## 62530. INTERNATIONAL SYSTEMS, INC. v. CITY OF JACKSON.

McMURRAY, Presiding Judge.

This action began in this state as one to domesticate a foreign judgment obtained in the State of Tennessee, the parties plaintiff and defendant being the same in that state. Attached to the pleadings was a copy of the foreign judgment. However, it was not duly authenticated. The defendant, International Systems, Inc., answered, inter alia, denying the claim, the failure to plead the statutory law of the foreign jurisdiction, the judgment was void inasmuch as the contract on which it was based was executed in the State of Georgia and the lex loci was in the State of Georgia, hence the foreign judgment is null and void and unenforceable on its face due to the lack of jurisdiction of the parties, and therefore, it is not entitled to the full faith and credit as a foreign judgment in this state.

Plaintiff, City of Jackson, then moved for judgment on the pleadings, and the trial court entered an order that plaintiff "having introduced documents outside the pleadings" the same was converted to a motion for summary judgment, and the defendant was given 30 days to file documents in opposition to same. Defendant

then moved for summary judgment, and the case came on for a hearing on September 9, 1980, as recited in the final order of the trial court dated December 15, 1980, in which the trial court held there was no genuine issue of material fact and the plaintiff was entitled to judgment as a matter of law, thereby granting plaintiff's motion and denying defendant's. Defendant appeals. *Held:*

1. This case is somewhat similar to *City of Buford v. International Systems, Inc.,* 158 Ga. App. 682 (282 SE2d 165), with reference to the type of contract but not as to the issue involved in the case sub judice.

2. We find no evidence introduced with the motion for judgment on the pleadings. However, after the record and transcript were filed in this court a supplemental transcript of evidence was presented for consideration with reference to the exemplified copy of the Tennessee proceedings and the Tennessee statutes, the trial court stating in its order to complete the record that same was "provided by the Plaintiff . . . at the hearing of the Motion for Summary Judgment in the above styled case on September 9, 1980, and accepted by the Court." This order was dated July 20, 1981, and filed for record on the same date. Attention is here called to the fact that the purpose of summary judgment is set forth in Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) which provides that the motion shall be served at least 30 days before the time fixed for the hearing, the adverse party allowed to serve opposing affidavits at least one day prior to the hearing, and the judgment thereon should be rendered forthwith, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no general issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Under the circumstances it would appear that the evidence which the trial court seeks to have this court consider, that is, the exemplified copy of the Tennessee proceedings and the statutes were "provided," as recited in the trial court's order, on the date of the hearing of the motion for summary judgment and filed for the first time in the trial court on July 20, 1981, *after the record was forwarded to this court,* hence could not be considered as a basis for the granting of the motion for summary judgment. See in this connection *Gunter v. National City Bank,* 239 Ga. 496, 497 (238 SE2d 48); *Culwell v. Lomas & Nettleton Co.,* 148 Ga. App. 478, 479 (251 SE2d 579); *Ravan v. Stephens,* 243 Ga. 289 (253 SE2d 753); *Victor v. First Trust & Deposit Co.,* 154 Ga. App. 97 (267 SE2d 639); *Jones v. Howard,* 153 Ga. App. 137 (264 SE2d 587). Consequently, this court cannot consider the supplemental transcript filed in the trial court as ordered by it on July 20, 1981, the case having been already docketed in this court on

June 15, 1981, particularly since the trial court stated that this evidence was "provided" (which word "provided" was substituted for the word "introduced") at the hearing on motion for summary judgment and has never been a part of the record until July 20, 1981.

All of the enumerations of error here are concerned with alleged errors in the grant of the motion for summary judgment as containing the Tennessee judgment and proceedings sued upon which were not properly certified nor placed in evidence in this case, contending same was not properly introduced and also contending the trial court erred in denying the motion for summary judgment of the defendant as well. On motion for summary judgment the burden of proof is on the moving party and does not shift to the respondent until a prima facie right to such judgment is shown. See *Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (194 SE2d 286); *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424); *Ramseur v. American Mgt. Assn.,* 155 Ga. App. 340 (270 SE2d 880). The attempt to perfect the record and prove the judgment sued upon after the appeal was filed in this case came too late.

3. In support of the defendant's motion for summary judgment defendant presented an affidavit of its president collaterally attacking the service of process of the foreign court, the affiant deposing he was a duly authorized agent of the defendant for service of process and was never served with a copy of the foreign Tennessee complaint and summons; the contract in question was entered into in Cobb County, Georgia and substantially all the obligations were to be performed thereunder in Cobb County, Georgia. A judgment of a court of a sister state may be collaterally attacked for lack of jurisdiction over the person of the defendant. See *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53); *Foster v. Lankford,* 120 Ga. App. 573, 575 (171 SE2d 662); *Process Systems, Inc. v. Dixie Packaging Co., Inc.,* 137 Ga. App. 452, 453 (1) (224 SE2d 103); *Collins v. Peacock,* 147 Ga. App. 424, 426 (2) (249 SE2d 142); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (1) (250 SE2d 813).

But a collateral attack on a foreign money judgment based on lack of personal jurisdiction is precluded if the defendant appeared in the foreign forum and thus had the opportunity to litigate the issue. *Green Acres Discount, Inc. v. Freid & Appell, Inc.,* 135 Ga. App. 816, 817-818 (219 SE2d 39). Nevertheless, this is not shown from the evidence presented on motion for summary judgment which can be considered here. See also *Drake v. Drake,* 187 Ga. 423 (5) (1 SE2d 573); *Ramsey Winch Co. v. Trust Co. Bank,* 153 Ga. App. 500 (1, 2) (265 SE2d 848); *Shackelford v. Central Bank of Mississippi,* 148 Ga. App. 494 (1) (251 SE2d 569); *Victor v. First Trust & Deposit Co.,* 154 Ga. App. 97 (1), supra; *Foster v. Lankford,* 120 Ga. App. 573, 574-575,

supra; *Collins v. Peacock,* 147 Ga. App. 424, 426 (2), supra; *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (1), supra.

Yet the trial court was "provided" (as stated in the final judgment) with an "authenticated copy" of the Tennessee "long arm statute," on the date of the summary judgment hearing (September 9, 1980) on which the court based its determination of personal jurisdiction over the defendant (in Tennessee) which we presume was presented in evidence for the first time, together with other documents "provided" (but not "introduced") and which were ordered filed on July 20, 1981, and transmitted to this court. Accordingly, we merely reverse the judgment in order that this case be considered orderly in accordance with the statute dealing with summary adjudication. The trial court considered "documents" not properly filed for consideration, hence we decline to order that summary judgment be granted to the defendant based solely on the affidavits submitted in opposition.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1982.

*John C. Gray, Charles Ratz,* for appellant.
*Robert E. Flournoy III,* for appellee.