## 65404. SOUTHEASTERN METAL PRODUCTS, INC. et al. v. HORGER.

MCMURRAY, Presiding Judge.

Charlton B. Horger, a South Carolina lawyer, was employed to seek judgment in South Carolina on an indebtedness made in favor of Southeastern Metal Products, Inc. Horger contends he was employed by Robert S. Haywood and Southeastern Metal Products, Inc. to pursue this litigation in South Carolina. Haywood contends the corporation employed Horger for this purpose.

Horger sued both Robert S. Haywood and Southeastern Metal Products, Inc. seeking the reasonable worth of his services in a court of common pleas in South Carolina, serving both Haywood and Southeastern Metal Products, Inc., by forwarding the summons and complaint by certified mail "in the same envelope and addressed to the post office box of defendant corporation" in Georgia.

Apparently a judgment of $5,053.80 plus court costs was entered against the above defendants as the case sub judice is one to domesticate the South Carolina judgment against the defendants in Georgia in which the plaintiff contends that no part of said judgment had been paid or satisfied, attaching a form printed by a Charleston, S. C. firm, styled as a "Transcript of Judgment" showing "Defendants in Default" and not represented by attorneys. There is attached at the bottom of this form a statement that "I CERTIFY that the foregoing is a correct transcript from the Docket of Judgments kept in my office." This statement was followed by a signature purported to be that of a clerk (no court shown).

The defendants jointly answered, in substance, denying the claim and admitting only jurisdiction of the Georgia court.

A motion for summary judgment was filed by the plaintiff based upon his affidavit with reference to his representation of the defendants in South Carolina as performed solely in South Carolina. Also attached was a "true copy" of the final order, as attested by the clerk of the Court of Common Pleas, Orangeburg County, South Carolina, and said final order having been signed by the resident judge of the First Judicial Circuit. The record in this court also contains a brief by counsel for movant contending that the proper certified documents as to the judgment were such that "Georgia Code Ann. § 38-627" (now OCGA § 24-7-24) had been fully satisfied and arguing that the South Carolina long arm statute controlled the method in which personal jurisdiction was obtained over the non-resident defendants in the original action in South Carolina, and defendants had not put the plaintiff on notice that such an issue as to lack of personal jurisdiction in South Carolina had been raised.

Other discovery was obtained by the defendants, and the defendant Haywood filed an affidavit opposing the motion contending that the activities of the plaintiff as attorney were solely on behalf of defendant corporation and not on behalf of the affiant Haywood; there was only one meeting in South Carolina and two days of a hearing before a special referee, all other contacts being by mail or telephone from defendants' office in Georgia; that "both defendants received the SUMMONS AND COMPLAINT by certified mail and in the same envelope and addressed to the post office box of defendant corporation"; that defendants had not been afforded a hearing in the court of foreign jurisdiction despite attempts to obtain same, being unable to obtain counsel in the County of Orangeburg, South Carolina, to oppose the plaintiff.

The motion for summary judgment was denied by the court, the order stating that there were genuine issues of fact as to whether the South Carolina court acquired jurisdiction over the defendants among other findings.

A second motion for summary judgment was filed with brief attached, and was served and heard. The court, in its order, stated that "evidence regarding the jurisdiction of the Court of Common Pleas, Orangeburg, South Carolina [had] been heard and considered, and the laws of the State of South Carolina [had] been applied to the question of jurisdiction, and other evidence [had] been heard and considered." The court then granted the summary judgment and awarded the plaintiff judgment in the amount of $5,068.80, with a counterclaim still pending. Defendants appeal. *Held:*

1. A renewed or second motion for summary judgment may be considered within the discretion of a trial court even though there has been no expansion of the record since the denial of the first motion for summary judgment. *Premium Distributing Co. v. Nat. Distributing Co.,* 157 Ga. App. 666, 667 (1) (278 SE2d 468). There was no review of the denial for summary judgment, hence, that order did not become the law of the case and did not bar a second consideration of a motion for summary judgment. The trial court did not abuse its discretion and did not err in hearing the second motion for summary judgment here.

Further, we find no merit in the contention that the case had not been properly removed from an inactive docket of the trial court in violation of one of its local rules, inasmuch as it appears that the defendants received actual notice and time of hearing of the motion for summary judgment.

2. OCGA § 24-7-24 (Code Ann. § 38-627) provides the method of authenticating by affixing the seal of any other state, territory or possession of the United States, provided nothing shall be construed

as repealing or modifying OCGA § 9-11-43 (Code Ann. § 81A-143), which allows the local court in determining the law of another state or foreign country based upon notice and pleadings or other reasonable written notice to "consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence," such determination to be treated as ruling on a question of law. OCGA § 24-7-24 (Code Ann. § 38-627) also provides for the records and judicial proceedings or copies thereof, of any court of any other state, territory or possession to be proved or admitted in any court of this state "when certified under the hand and seal, if any, of the judge, clerk, or other official of such court . . . and shall be given the same full faith and credit as above provided in . . . this Code section."

Error is enumerated that the trial court erred in holding that the plaintiff's document, "Transcript of Judgment," complied with the Georgia law. It did not. It was not properly certified as set forth above and as shown in the above facts, having only a certificate of someone styled, clerk, failing to show what court. Further, an order being a mere copy of the final order with the attest "TRUE COPY" signed by the clerk of the court, Orangeburg County, South Carolina, this likewise was insufficient. It cannot be assumed that such individual is the clerk of the Court of Common Pleas of the County of Orangeburg, State of South Carolina, and this order is improperly certified in accordance with Georgia law. See *Spadea v. Spadea,* 225 Ga. 80, 82 (2) (165 SE2d 836); *Melnick v. Bank of Highwood,* 151 Ga. App. 261 (1), 262 (259 SE2d 667). Compare *Parker v. Fidelity Bank,* 146 Ga. App. 52, 53-54 (3) (245 SE2d 364); *Fred R. Surface & Assoc. v. Worozbyt,* 151 Ga. App. 638, 639-641 (260 SE2d 762); *Intl. Systems v. City of Jackson,* 161 Ga. App. 423 (288 SE2d 344).

3. OCGA § 9-11-43 (Code Ann. § 81A-143) allows our local courts much freedom to "consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence" with reference to the determination concerning the law of another state or of a foreign country treating such ruling as one on a question of law. However, "[i]t is not the general purpose or design of the statute [summary judgment] to permit the use of oral testimony." *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 179 (166 SE2d 593). See *Gunter v. Nat. City Bank,* 239 Ga. 496, 497 (238 SE2d 48). OCGA § 9-11-56 (Code Ann. § 81A-156) must be strictly followed in consideration of a motion for summary judgment. We find no law or evidence in the record with reference to the South Carolina law. We assume same has reference to whether or not the service by certified mail in Georgia as to a suit in South Carolina was proper under the

South Carolina law. See *Intl. Systems v. City of Jackson,* 161 Ga. App. 423, 424-425 (2), supra. In the absence of such proof, the law of this state obtains. See *Victor v. First Trust &c. Co.,* 154 Ga. App. 97 (1) (267 SE2d 639); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (2) (250 SE2d 813); *Borg-Warner Health Prods. v. May,* 154 Ga. App. 482, 483 (268 SE2d 770). The evidence before the trial court failed to disclose that the defendants in the South Carolina court were served according to the Georgia long arm statute, and the trial court erred in granting summary judgment in favor of the plaintiff.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1983.

*Robert S. Haywood,* for appellants.
*James A. Goldstein,* for appellee.