## 71763. RICE v. THE STATE.
### (344 SE2d 720)

CARLEY, Judge.

Appellant was tried by a jury on an indictment alleging the commission of several offenses. He was found guilty of possessing a firearm while a convicted felon. Judgment was entered on the verdict and he appeals.

1. Appellant contends that the trial court erred in admitting into evidence a document which purported to be a copy of a record of appellant's felony conviction but which was not properly authenticated. The alleged document bears a filing stamp which shows that it was originally filed in the U. S. District Court for the Southern District of Texas on March 30, 1972, and that the name of the clerk was Bailey Thomas. The stamped signature blank is signed by a deputy clerk. The copy bears only an undated stamp reading "True Copy I Certify Attest: Jesse E. Clark, Clerk." The signature blank is signed "J. Contreras, Deputy Clerk."

By its terms, the provisions of OCGA § 24-7-24 regarding authentication of copies apply only to acts, records, and judicial proceedings of states, territories, and possessions of the United States. There is no Georgia statute expressly governing the authentication of copies of federal records. Copies of federal records have been held admissible in Georgia courts if authenticated in compliance with common-law principles. *Edmonds v. State*, 201 Ga. 108, 129 (39 SE2d 24) (1946). Moreover, federal statutory law provides for admission in federal proceedings of copies of records with the attestation of the officer having legal custody or his deputy, and the certification of a public officer that such officer has custody. 28 USC § 1733 (b); Fed. R. Crim. P. 27; Fed. R. Civ. P. 44. Substantial compliance with these federal statutory requirements has been held to be the substantial equivalent of satisfaction of the common-law elements of proof of the authority and incumbency of the clerk having custody of the document and proof of the genuiness of the signature or seal. See *Pressley v. State*, 207 Ga. 274, 277 (61 SE2d 113) (1950); *Mach v. State*, 109 Ga. App. 154, 159-160 (2) (135 SE2d 467) (1964). See also *Bank of Manchester v. Birmingham Trust &c. Co.*, 156 Ga. 486 (4) (119 SE 603) (1923); *McDaniel v. Gangarosa*, 126 Ga. App. 666, 668-669 (1) (191 SE2d 578) (1972). However, neither common-law principles nor the federal rules would authorize the admission of the instant "copy," which bears no more than the rubber stamped attestation of one purporting to be "deputy clerk." There is no seal, no certificate, no proof of custody of the record, and nothing to show of what court or courts the clerk whose name appears on the stamp and the signing deputy clerk are officers.

Notwithstanding the above cited authorities, the State contends

that the trial court correctly admitted the document pursuant to OCGA § 24-7-24. However, even assuming that compliance with OCGA § 24-7-24 would be sufficient to authorize the admission of a copy of a federal record or judicial proceeding into evidence in Georgia, the document at issue would also fail to meet requirements of that statute. The authentication attempted in the instant case is even less complete than that which was held to be insufficient in *Southeastern Metal Prods. v. Horger*, 166 Ga. App. 205 (303 SE2d 536) (1983). In that case, the document bore a certificate reading "I CERTIFY that the foregoing is a correct transcript from the Docket of Judgments kept in my office," followed by the signature of one purporting to be clerk. However, no court was shown as to that document, this court held: "It was not properly certified . . . , having only a certificate of someone styled, clerk, failing to show what court. Further, an order being a mere copy of the final order with the attest 'TRUE COPY' signed by the clerk of the court, Orangeburg County, South Carolina, this likewise was insufficient. It cannot be assumed that such individual is the clerk of [the court having custody of the order], and this order is improperly certified in accordance with Georgia law." *Horger*, supra at 207.

The State further asserts that appellant waived any objection to the sufficiency of proof of his felony conviction by his admission that he was a convicted felon. Appellant only testified regarding his conviction after the failure of all attempts to keep the State's evidence of the conviction from being admitted. His objection, therefore, was not waived. OCGA § 24-9-70.

There appearing to be no basis upon which to find that the alleged copy of appellant's record of conviction and sentence was properly authenticated, the trial court erred in admitting it into evidence.

2. Appellant further enumerates as error the failure of the trial court to give requested jury charges on evidence of his good character. The record shows that appellant timely filed with the trial court three such written requests to charge. See OCGA § 5-5-24. The requests were correct statements of the law. See generally *Dunn v. State*, 172 Ga. App. 146 (322 SE2d 349) (1984). The trial court, however, failed to give appellant's requested charges or any other instruction on evidence of a defendant's good character. The State contends that such a charge was not supported by the evidence in that appellant never put his character in issue. The record shows, however, that appellant testified that his character had been good since his conviction twelve years before, that since then he had reformed and had had no further trouble with the law, and that he was honorably discharged from the Air Force. This testimony was sufficient to put appellant's character in issue. *Dukes v. State*, 90 Ga. App. 50, 51 (b) (1) (81 SE2d 864) (1954). "The good character of an accused person is a substantive

fact, and evidence of such good character should be weighed and considered by the jury in connection with all the other evidence in the case. [Cit.] When there is an appropriate request, a proper instruction should be given in every case where the accused person puts his character in issue. [Cit.]" *Braddy v. State*, 172 Ga. App. 386, 389 (323 SE2d 219) (1984), aff'd 254 Ga. 366 (330 SE2d 338) (1985). Accordingly, the trial court erred in refusing to instruct the jury on the evidence of appellant's good character.

3. Relying on *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), and *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), appellant contends that the charge given to the jury on intent unconstitutionally shifted the burden of proof. The language complained of in the instant case has been upheld against precisely such an attack. *Lingerfelt v. State*, 255 Ga. 180, 181 (4) (336 SE2d 250) (1985); *Mason v. State*, 177 Ga. App. 184, 186 (4) (338 SE2d 706) (1985). There was no error.

4. For the reasons given in the first two divisions, denial of appellant's motion for new trial was erroneous.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 15, 1986.

*L. Paul Cobb, Jr.*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr.*, Assistant *District Attorney*, for appellee.