37570. BELL v. ARNOLD et al.

UNDERCOFLER, Justice.

This is a suit to establish paternity of an illegitimate child and obtain an award of child support. Appellant is a nonresident of Georgia who was served by mail. He challenges the constitutionality of Code Ann. § 74-302 (a) which provides, "In a proceeding under this Chapter, the court, pursuant to Title 81A, the 'Georgia Civil Practice Act,' may order service upon a person outside the State upon a finding that there is a constitutionally permissible basis for jurisdiction over such person arising out of the fact that the child was conceived as a result of an act of sexual intercourse within this State while either parent was a resident of this State and the person on whom service is required is the alleged father of the child."

After hearing, the trial court found the statute constitutional, service proper, that appellant is the father of the child conceived in Georgia while a resident, appellees were residents of Georgia when this suit was filed, and entered a support order. The only issues argued on appeal are the constitutionality of Code Ann. § 74-302 (a), and whether the evidence supports a finding of appellees' residence at time the suit was filed. We affirm. "Historically the jurisdiction of courts to render judgment *in personam* is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U. S. 714, 733.

But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " International Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). Without belaboring the issue, we find Code Ann. § 74-302 (a) satisfies this requirement. See 76 ALR3d 708, 709. The findings of the trial court comport with the statute and evidence, namely, appellant is the father and appellee is the mother of the child; the child was conceived in Georgia and born in Georgia in 1972 while both parties were residents of Georgia; the parties have never been married; and that the mother and the child were residents of Georgia when this suit was filed. In addition, the trial court found that appellant admitted being the father when he signed the birth certificate, pled guilty in 1974 to a charge of abandonment in the State Court of Richmond County, Georgia, and asked to be relieved of child support payments while attending law school.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1981 —
REHEARING DENIED JULY 15, 1981.

*John H. Ruffin, Jr.,* for appellant.
*John B. Long,* for appellees.