## 37993. WARREN v. WARREN.

Smith, Justice.

Appellant wife and appellee husband were married six years ago in Michigan. In 1978, the couple moved to Georgia and appellee purchased a family residence in Cobb County. In January 1981, the parties voluntarily separated and entered into an agreement which established their "rights and obligations with respect to custody of their [two] children, child support, alimony, a division of their property, the payment of debts, etc." The agreement provides: "[I]n the event that either party shall bring or maintain an action for dissolution of the marital relationship, or for separate maintenance, this Agreement shall be presented to the Court and incorporated by reference into any judgment or decree concerning the matters provided herein. Notwithstanding such incorporation, this Agreement shall survive and be enforceable independently of the judgment or decree." Shortly after signing the agreement, appellee moved to North Carolina because of a job transfer.

In February, appellant commenced this action for divorce, alimony, custody and child support. She also challenged the validity of the separation agreement, contending she signed it under duress. Appellee answered asserting, inter alia, that the court lacked personal jurisdiction over him in that he is a resident of North Carolina. The trial court agreed, ruling that it would proceed only as to the issues of 1) divorce and 2) child support and alimony to the extent of the value of the residence in question.

We granted appellant's interlocutory application in order to determine whether appellee is subject to in personam jurisdiction pursuant to the "transacts any business" section of the long-arm statute (Code Ann. § 24-113.1 (a)).

The "transacts any business" portion of the long-arm statute typically has been utilized to obtain jurisdiction over non-resident business entities which have purposefully availed themselves of the

right to conduct commercial activities in this state. See *Hollingsworth v. Cunard Line Ltd.,* 152 Ga. App. 509 (263 SE2d 190) (1979). Furthermore, this court has "interpreted the long-arm statute liberally" (Gold Kist, Inc. v. Baskin-Robbins &c. Co., 623 F2d 375 (5th Cir. 1980)) — within a long-arm category, such as "transacts any business," jurisdiction will be exercised to the extent permitted by procedural due process. See, e.g., *J. C. Penney Co. v. Malouf,* 230 Ga. 140 (196 SE2d 145) (1973) ("transacts any business"); *Coe & Payne Co. v. Wood-Mosaic Co.,* 230 Ga. 58 (195 SE2d 399) (1973) ("tortious act").

Understandably, most litigation arising under the "transacts any business" section of long-arm statute has centered on whether the "business" that an individual has transacted is sufficiently connected with this state to satisfy the requirements of due process. Relatively little has been said with respect to an additional consideration governing the determination of whether long-arm jurisdiction is proper, i.e., "whether the legislature has granted to the courts the statutory authority to exercise its jurisdiction over the defendant under the circumstances." Mabry v. Fuller-Shuwayer Co., 273 SE2d 509, 511 (N. C. App. 1981). This consideration, however, is the focus of the present inquiry. Specifically we must determine whether marriage, raising a family, or signing a separation agreement constitutes the transaction of business within the meaning of the Georgia long-arm statute.

While the phrase "transacts any business" is not free of all ambiguity, the term "business" is commonly understood as applying to dealings of a commercial, industrial, or professional nature. A number of states, recognizing the distinction between the transaction of "business" and the performance of family obligations, have specifically enacted "domestic relations" long-arm statutes. See, e.g., Fla. Stat. § 48-193 (1) (e); N. C. Gen. Stat. § 1-75.4; see also *Whitaker v. Whitaker,* 237 Ga. 895 (230 SE2d 486) (1976). Unfortunately, Georgia has not.

These considerations lead us to conclude that Code Ann. § 24-113.1 (a) was not intended to extend long-arm jurisdiction to claims, such as alimony, which arise out of the dissolution of the marriage. A contrary holding would, in our view, "require the court to give a forced and strained construction to the statute. Where the language of a statute consists of common, ordinary words, and there is nothing to show that any unusual meaning is to be attached to the terms employed, it would be going beyond the province of the court, and all recognized limitations upon it in the construction of statutes, to deny to the language employed in the act its ordinary, usual signification, and give it an unusual meaning and a forced or strained

significance, even though such construction would avoid [undesirable] results . . ." *Standard Steel Works Co. v. Williams,* 155 Ga. 177, 181 (116 SE 636) (1922).

Appellant's claim to have the agreement declared void, however, stands on a different footing. Although a separation agreement has its roots in the marriage relationship, such an agreement "sounds in contract . . . The contractual nature of a separation agreement, as distinguished from the personal obligations inherent in the status of marriage, was [historically] recognized in England . . ." *Van Wagenberg v. Van Wagenberg,* 241 Md. 154, 167 (215 A2d 812) (1966). Practically speaking, one of the main objectives of a separation agreement is the settlement of a legal dispute. The agreement is the product of negotiation and "involves definite elements of a business nature." Id. at 170.

As the execution of a separation agreement constitutes the transaction of business within the meaning of Code Ann. § 24-113.1 (a), the judgment must be reversed in part. Accord, Kochenthal v. Kochenthal, 28 A. D. 2d 117 (282 NYS2d 36) (1967).

*Judgment affirmed in part; reversed in part. All the Justices concur, except Jordan, C. J., and Gregory, J., who concur in the judgment only, and Marshall, J., who dissents.*

DECIDED FEBRUARY 17, 1982 —
REHEARINGS DENIED MARCH 10, 1982.

*Ronald N. Winston,* for appellant.
*J. Guy Sharpe, Jr.,* for appellee.