## 63653. PANNELL v. PANNELL.

BANKE, Judge.

The plaintiff sued to obtain a judgment for arrearages allegedly owed by her former husband under the child support and alimony provisions of a separation agreement signed by them on June 19, 1973. This agreement was incorporated into and made a part of the parties' final divorce decree rendered in this state on July 31, 1973. The defendant is now a resident of Florida. Personal jurisdiction over him in this action is predicated on Georgia's Long Arm Statute, Code Ann. § 24-113.1 (a) (as amended through 1970), based on the theory that he transacted business in this state by signing the separation agreement here. The trial court ruled that the separation agreement had merged into the divorce decree and, based on this determination, granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction. The plaintiff appeals, citing specific language in the separation agreement to the effect that the agreement would not merge into any subsequent divorce decree but would remain binding even if fully incorporated therein. *Held:*

"In a divorce proceeding all prior agreements should be produced before the court and merged into the judgment. See *Venable v. Craig,* 44 Ga. 437 (2) [1871], which reads as follows: 'Negotiations and agreements between husband and wife, pending a libel for divorce, as to the alimony of the wife, and agreements

between them in relation thereto, are, by presumption of law, merged in the final verdict of the jury in the divorce suit.' Understandings between the husband and wife which are not incorporated into the divorce decree are not binding. *Estes v. Estes,* 192 Ga. 100 (14 SE2d 680) (1941)." *Kiser v. Kiser,* 101 Ga. App. 511, 512 (114 SE2d 397) (1960).

Faced with the identical issue before us now in this case, the United States District Court for the Northern District of Georgia has held that since the separation agreement merges into the divorce decree, any action with respect to the issues therein covered must be brought on the judgment rather than the agreement and that the issuance of the judgment does not constitute a transaction of business by the parties to the litigation so as to give rise to jurisdiction over a non-resident under Georgia's Long Arm Statute. Hemphill v. Hemphill, 398 FSupp. 1134, 1138 (N.D. Ga. 1975). While federal district court decisions are not, of course, controlling upon this court, we find the reasoning in this decision extremely persuasive, and we adopt it in affirming the dismissal of the plaintiff's complaint in this case. The plaintiff's remedy is either to domesticate her decree in Florida and enforce it there or, if the defendant has property in this state, simply to execute the decree here. Nothing in the recent case of *Warren v. Warren,* 249 Ga. 130 (287 SE2d 524) (1982), is inconsistent with this ruling since in that case no divorce decree had been entered.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 9, 1982.

*James G. Williams, Amanda F. Williams,* for appellant.
*William E. Dismer,* for appellee.