42142. FRASCA v. FRASCA.
(330 SE2d 889)

MARSHALL, Presiding Justice.

This case is here following our grant of the application for discretionary appeal. This is an action for termination of the alimony provi-

sions of a divorce decree under OCGA § 19-6-19 (b) on the ground that the defendant-former wife is voluntarily cohabiting with a third party in a meretricious relationship. However, the defendant is a resident of the State of New York, and the parties were divorced in New York. The question for decision is whether the Georgia superior court has personal jurisdiction over her. The plaintiff-former husband argues that personal jurisdiction exists, because the defendant previously brought a suit to domesticate the New York decree in Georgia and to hold the plaintiff in contempt for failure to pay sums due under the decree. The superior court ruled that it lacks personal jurisdiction over the defendant. For reasons which follow, we affirm.

The plaintiff-former husband (appellant herein) and the defendant-former wife (appellee herein) were married in New York in 1962, and they maintained their matrimonial domicile there. They were divorced in 1979 by order of a New York court. Incorporated into the parties' divorce decree is a separation agreement requiring the plaintiff to pay the defendant certain monthly sums as alimony and child support. Subsequent to the parties' divorce, the plaintiff established residency in DeKalb County, Georgia. In 1981, the defendant, who remains a New York resident, filed a petition in DeKalb Superior Court for domestication of the New York divorce decree in conjunction with an application for contempt. The parties subsequently entered into a consent judgment domesticating the divorce decree and requiring the plaintiff to pay arrearages as well as future payments. The consent judgment was filed on September 1, 1981.

On March 15, 1984, the plaintiff filed the instant complaint against the defendant in the DeKalb Superior Court for, among other things, modification of the alimony provisions of the divorce decree on the ground that the defendant has begun to voluntarily cohabit with a third party in a meretricious relationship. The defendant moved to dismiss the complaint on grounds that she is a nonresident of the State of Georgia and that the DeKalb Superior Court thus lacks personal jurisdiction over her. The plaintiff argues that the defendant's domestication of the New York decree in Georgia, and her entry into the consent judgment, constitutes the transaction of business in Georgia, thereby subjecting her to the jurisdiction of the Georgia courts under Georgia's Long Arm Statute. OCGA § 9-10-91 (1).

1. In the case of *Blue v. Blue*, 243 Ga. 22 (252 SE2d 452) (1979), it was held that a nonresident may bring an action in Georgia seeking to domesticate and modify a foreign divorce decree, providing the decree is modifiable in the rendering state. In *Sovern v. Sovern*, 156 Ga. App. 752 (3) (275 SE2d 791) (1980), the Court of Appeals, in reliance on *Blue*, held that a defendant in an action to domesticate and enforce a foreign divorce decree may assert a valid claim for modification as a counterclaim. However, where the plaintiff files nothing

more than an application to hold the defendant in contempt of a divorce decree, a counterclaim seeking modification of the decree is not cognizable. *Greer v. Heim*, 248 Ga. 417 (284 SE2d 11) (1981); *McNeal v. McNeal*, 233 Ga. 836 (213 SE2d 845) (1975); *Davis v. Davis*, 230 Ga. 33 (2) (195 SE2d 440) (1973). Cf. *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983).

2. In *Warren v. Warren*, 249 Ga. 130 (287 SE2d 524) (1982), the parties had signed a separation agreement while living in Georgia, and the husband later became a North Carolina resident. Subsequently, the wife filed an action in Georgia for divorce, alimony, and child custody; and she sought to have the separation agreement declared invalid. The trial court ruled that it lacked jurisdiction over the husband in that he was a North Carolina resident.

We granted the application to appeal in *Warren* to determine whether the husband was subject to in personam jurisdiction pursuant to the "transacts any business" section of Georgia's Long Arm Statute. Our holding in *Warren* was two-pronged. First, we noted that the phrase "transacts any business" is commonly understood as applying to commercial transactions, that a number of states had specifically enacted "domestic relations" long-arm statutes, and that, at the time, Georgia had not. We thus held that the "transacts any business" section of the Long Arm Statute was not intended to apply to claims arising out of the dissolution of a marriage. Second, we held that the separation agreement stood on a different footing. "Although a separation agreement has its roots in the marriage relationship, such an agreement 'sounds in contract . . . The contractual nature of a separation agreement, as distinguished from the personal obligations inherent in the status of marriage, was (historically) recognized in England . . .' *Van Wagenberg v. Van Wagenberg*, 241 Md. 154, 167 (215 A2d 812) (1966). Practically speaking, one of the main objectives of a separation agreement is the settlement of a legal dispute. The agreement is the product of negotiation and 'involves definite elements of a business nature.' Id. at 170." *Warren v. Warren*, 249 Ga., supra at 132. Therefore, we held that the execution of a separation agreement constitutes the transaction of business within the meaning of the "transacts any business" section of the Long Arm Statute.

However, in *Pannell v. Pannell*, 162 Ga. App. 96 (290 SE2d 184) (1982), the former wife, a Georgia resident, was suing her former husband, a Florida resident, to collect arrearages allegedly due under a separation agreement incorporated into their Georgia divorce decree. There, the Court of Appeals, distinguishing *Warren*, held that the Georgia court lacked personal jurisdiction over the former husband under the "transacts any business" section of the Long Arm Statute. In this regard, the Court of Appeals stated, "[f]aced with the identical issue before us now in this case, the United States District Court for

the Northern District of Georgia has held that since the separation agreement merges into the divorce decree, any action with respect to the issues therein covered must be brought on the judgment rather than the agreement and that the issuance of the judgment does not constitute a transaction of business by the parties to the litigation so as to give rise to jurisdiction over a non-resident under Georgia's Long Arm Statute. *Hemphill v. Hemphill*, 398 FSupp. 1134, 1138 (N. D. Ga. 1975). While federal district court decisions are not, of course, controlling upon this court, we find the reasoning in this decision extremely persuasive, and we adopt it . . . Nothing in the recent case of *Warren v. Warren*, 249 Ga. 130 (287 SE2d 524) (1982), is inconsistent with this ruling since in that case no divorce decree had been entered." 162 Ga. App. at 97.

3. In 1983, the General Assembly enacted a "domestic relations" long arm statute. This statute authorizes a court of this state to exercise personal jurisdiction over a nonresident if the nonresident "[w]ith respect to proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not . . ." OCGA § 9-10-91 (5). See *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985).

Here, the defendant has neither maintained a matrimonial domicile in this state nor resided in this state. Therefore, the "domestic relations" long-arm statute is inapplicable.

4. Under the reasoning of *Pannell v. Pannell*, supra, the rendition of a Georgia judgment in favor of a nonresident party does not in itself subject the nonresident to the in personam jurisdiction of Georgia courts in subsequent actions based on the judgment. Therefore, the trial court did not err in ruling that it lacks personal jurisdiction over the defendant here.

5. OCGA § 19-6-26 (b) does provide that, "No judgment of any other state or foreign jurisdiction by which it is attempted to modify a judgment of this state awarding permanent alimony for the support of a party, a child or children, or both, will be recognized or enforced by the courts of this state." Here, it is the New York decree which awarded alimony and child support on behalf of the former wife, who remains a New York resident. The judgment of the Georgia court merely domesticated the New York decree so as to make it enforceable against the former husband in the courts of Georgia. Under these circumstances, we conclude that § 19-6-26 (b) is inapplicable. See *Gilbert v. Gilbert*, 245 Ga. 674 (266 SE2d 490) (1980); *McGuire v. McGuire*, 228 Ga. 782 (187 SE2d 859) (1972); *Connell v. Connell*, 119 Ga.

App. 485 (167 SE2d 686) (1969).
*Judgment affirmed. All the Justices concur, except Weltner, J., who dissents as to Division 1, and concurs in the judgment only. Bell, J., disqualified.*

DECIDED JULY 2, 1985.

*Katz, Paller & Land, James G. Killough, Ralph G. McCallam,* for appellant.
*Kathy L. Portnoy,* for appellee.

