A90A1911. GARVEY v. MENDENHALL.
(404 SE2d 613)

BIRDSONG, Presiding Judge.
We granted this interlocutory appeal to review the denial of Garvey's motion to dismiss Mendenhall's complaint for breach of promise to marry and paternity because of lack of personal jurisdiction.

The record shows that at all times relevant to this appeal Garvey was a resident of California and Mendenhall was a resident of Georgia and, that for over two years prior to the initiation of the action, Garvey and Mendenhall dated and engaged in sexual relations in Georgia, other states, and certain foreign countries. Subsequently, Mendenhall and Garvey, while in California, agreed to marry and although the marriage was to take place in Georgia, they intended to establish their marital domicile in California. The record also shows that while Mendenhall visited Garvey in California a child was conceived.

Thereafter, Garvey ended the relationship and ultimately Mendenhall filed this action seeking damages for breach of promise to

marry and to establish paternity of the child. Garvey moved to dismiss the complaint for lack of personal jurisdiction under either the Georgia long arm statute, OCGA § 9-10-91 (1), or the paternity statute, OCGA § 19-7-41. He contended that his social visits to Georgia to date Mendenhall and other social contact with her in this state, e.g., letters, telephone calls, etc., did not constitute transacting business under OCGA § 9-10-91 (1) and that jurisdiction did not attach under OCGA § 19-7-41 because the child was not conceived as a result of an act of sexual intercourse in Georgia.

The trial court found, however, that Garvey's visits to this state were sufficient for jurisdiction to attach under the long arm statute and that there was no requirement for conception to have occurred in Georgia under our state's paternity statute. Garvey appeals from that decision. *Held*:

1. Considering first the paternity count, as the language of OCGA § 19-7-41 is plain and can have but one natural and reasonable construction, this court has no authority to give it a different one. OCGA § 1-3-1; *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430). OCGA § 19-7-41 provides that a court may order service outside the state in a paternity action "upon a finding that there is a constitutionally permissible basis for jurisdiction over the person arising out of the fact that the child was conceived as a result of an act of sexual intercourse *within this state* while either parent was a resident of this state." (Emphasis supplied.) Thus, personal service outside this state may be made on the alleged father only when that condition is met. Since Mendenhall asserted that her child was conceived as a result of an act of sexual intercourse in California, the essential fact necessary to support personal service of process outside of this state under OCGA § 19-7-41 is absent. Mendenhall's argument that such a result favors one act of sexual intercourse outside the state that results in conception over numerous other acts of sexual intercourse in this state which did not result in conception fails to appreciate that the significance of a paternity action is conception. Without conception no cause of action for paternity lies, and thus acts of intercourse not resulting in conception are of no legal significance for that purpose. Accordingly, the trial court erred by finding that the codal requirement for conception as a result of sexual intercourse within the state was merely illustrative of other acts which would support jurisdiction under OCGA § 19-7-41.

2. Garvey also argues that no grounds exist for the exercise of personal jurisdiction over him under the long arm statute because personal jurisdiction could only be based on a finding that he transacted business in this state. The other bases for exercise of jurisdiction obviously do not apply, and Garvey maintains that he did not transact business within this state. See OCGA § 9-10-91. Mendenhall

contends, however, that while Garvey may not have transacted business in the usual sense, his social visits were sufficient since we are to interpret this section liberally (*Davis Metals v. Allen*, 230 Ga. 623, 626 (198 SE2d 285)) and Garvey's visits satisfy the definition for transacting business in this state since he purposely did some act or consummated some transaction in Georgia, and the cause of action arose or was connected with those acts or transactions in this state. Thus she contends the trial court correctly denied Garvey's motion to dismiss on this ground.

We disagree. Our Supreme Court has refused to extend the scope of "transacts any business" portion of the long arm statute, OCGA § 9-10-91 (1), to include non-commercial claims arising from personal relationships. See *Frasca v. Frasca*, 254 Ga. 532, 534 (330 SE2d 889); *Warren v. Warren*, 249 Ga. 130, 131 (287 SE2d 524). Moreover, this result is consistent with the United States Supreme Court's recognition that commercial activity is different from situations in which the defendant has no economic interest. *Kulko v. Superior Court of California*, 436 U. S. 84 (98 SC 1690, 56 LE2d 132); *Marbury v. Marbury*, 256 Ga. 651, 654 (352 SE2d 564). Transacts any business "has been interpreted to mean that 'purposeful acts' must have been performed by the defendant to tie [him] to the State, and '(m)ere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the "Long Arm" statute. (Cit.)' *Wise v. State Board &c. of Architects*, 247 Ga. 206 (2) (274 SE2d 544) (1981)." *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (380 SE2d 303).

Further, "[d]ue process requires that individuals have 'fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign.' *Burger King v. Rudzewicz*, 471 U. S. 462 (105 SC 2174, 85 LE2d 528) (1985). In evaluating whether a defendant could reasonably expect to be haled into court in a particular forum, courts examine defendant's contacts with the state, focusing on whether (1) defendant has done some act to avail himself of the law of the forum state; (2) the claim is related to those acts; and (3) the exercise of jurisdiction is reasonable, that is, it does not violate notions of fair play and substantial justice. *Straus v. Straus*, 260 Ga. 327 (393 SE2d 648) (1990); *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985)." *Beasley v. Beasley*, 260 Ga. 419, 421 (396 SE2d 222). Applying those criteria to the facts revealed in the record of this case, we find it clear that Garvey is not subject to the jurisdiction of the courts of this state.

Therefore, the trial court erred by finding that personal jurisdiction existed under OCGA § 9-10-91 (1). Further, since there is no basis for the exercise of personal jurisdiction over Garvey, the case must

be dismissed.

*Judgment reversed and case remanded to the trial court with instruction that the case be dismissed for lack of personal jurisdiction. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 6, 1991 —
REHEARING DENIED MARCH 25, 1991 —

Troutman, Sanders, Lockerman & Ashmore, Daniel S. Reinhardt, Anne G. McGlamry, Susan S. Lanigan, for appellant.

Neely & Player, Richard K. Hines V, Lisa M. Radtke, for appellee.