A93A0544. DEPARTMENT OF HUMAN RESOURCES
v. McCORMICK.
(431 SE2d 740)

JOHNSON, Judge.

We granted this interlocutory appeal to review the denial of the Georgia Department of Human Resources' motion for service outside the state, filed pursuant to OCGA § 19-7-41. Under OCGA § 19-7-41, a court may order service outside the state in a paternity action "upon a finding that there is a constitutionally permissible basis for jurisdiction over the person arising out of the fact that the child was conceived as a result of an act of sexual intercourse within this state while either parent was a resident of this state." The motion was made in connection with an action filed by the department on behalf of Jasmin Gerrod McCormick seeking to determine paternity and establish child support obligations of the putative, non-resident father, Carl Ellis McCormick.

The trial court treated the action as one brought pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). Since URESA provides a procedure by which child support can be collected in another state, the court reasoned that compelling a non-resident to incur the costs of defending a paternity and support action in Georgia would "offend the ends of justice."

Under URESA, " 'Duty of support' includes any duty of support imposed or imposable by law or by any court order, decree, or judgment . . . ; for purposes of this article, in determining the existence of a duty of support, the following criteria may be considered, without limitation: . . . (6) Whenever a person has been adjudicated by a court of competent jurisdiction as the parent of a child born out of wedlock, the person shall be legally liable for the support of the child in the same manner in which the person would owe the duty of support if the child were a legitimate child." OCGA § 19-11-43 (6). It is clear from the statute that a formal adjudication of paternity is not *required* for prosecution of support claims under URESA. Nonetheless, such an adjudication may be considered by a court in determining whether support obligations exist. See *Evans v. State*, 178 Ga. App. 1 (1) (341 SE2d 865) (1986).

URESA does not provide an exclusive procedure for enforcement of child support. OCGA § 19-11-45. While the department may have pursued this action under URESA and possibly had to confront the paternity issue as a defense, it chose to establish paternity in the state in which the child was conceived. While the trial court may be offended by the extension of jurisdiction pursuant to the specific long-arm provision contained in OCGA § 19-7-41, the Georgia Supreme Court has held that sexual contact in Georgia constitutes minimum contacts such that an action maintained here does not offend

" ' "traditional notions of fair play and substantial justice." ' [Cit.]" *Bell v. Arnold*, 248 Ga. 9, 10 (279 SE2d 449) (1981).

There is no question that the child was conceived as a result of an act of sexual intercourse within this state while either parent was a resident of this state, satisfying the criteria outlined in the statute. See *Garvey v. Mendenhall*, 199 Ga. App. 241, 242 (1) (404 SE2d 613) (1991) (evidence that the act of intercourse resulting in conception did not occur in Georgia sufficient to defeat jurisdiction). We recognize that the provisions of OCGA § 19-7-41 do not *require* a trial court to order service and that matters lying within the discretion of the trial court are rarely disturbed on appeal unless a clear abuse of that discretion has been shown. Nonetheless, because it appears that the trial court's ruling is based solely on a URESA analysis, we reverse and remand the case to the trial court for reconsideration in light of *Bell*, supra.

*Judgment reversed and case remanded with direction. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney*, for appellant.

Carl E. McCormick, *pro se.*