A93A0545. DEPARTMENT OF HUMAN RESOURCES v. ESTES.
(432 SE2d 613)

BLACKBURN, Judge.

On April 27, 1989, the Department of Human Resources (DHR) commenced this action against Albert Estes, seeking recovery of child support and current support for a minor child on whose behalf DHR paid public assistance benefits in late 1988. Originally, service was attempted at Estes' last known address in Georgia, but the current resident informed the process server that Estes had moved out of state.

DHR then moved for service on Estes outside of the state, pursuant to OCGA § 19-7-41. Although conceding that the factual showing contained in DHR's motion was sufficient to authorize such service, the trial court denied the motion on the grounds that compelling Estes to incur the expense of defending the matter in Georgia, based upon the mere allegation of his liability for a support obligation, did not appear to be consistent "with the ends of justice." This court then granted DHR's application for an interlocutory appeal.

OCGA § 19-7-41 provides that "[i]n a proceeding under this article, the court . . . may order service upon a person outside the state upon a finding that there is a constitutionally permissible basis for jurisdiction over the person arising out of the fact that the child was conceived as a result of an act of sexual intercourse within this state while either parent was a resident of this state and the person on whom service is required is the alleged father of the child." In *Bell v. Arnold,* 248 Ga. 9 (279 SE2d 449) (1981), the Supreme Court held that out-of-state service based upon the minimum contacts required under this statute does not offend traditional notions of fair play and substantial justice.

In the instant case, it was shown that the minor child was conceived as a result of sexual intercourse between the child's mother and Estes in Georgia in February 1985, and that the child's mother continued to reside in Georgia. The trial court did not dispute this showing of the necessary factual predicate for service under OCGA § 19-7-41, and erred in finding that out-of-state service upon Estes pursuant to that statute would be inconsistent "with the ends of justice." *Bell v. Arnold,* supra.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney, for appellant.
Albert J. Estes, pro se.