### A97A0811. ARNOLD v. ARNOLD.
#### (489 SE2d 65)

JOHNSON, Judge.

In contemplation of their pending divorce, Robert Arnold and Annette Arnold executed two contracts. One of the documents, entitled "Contract of Settlement," provided for the distribution of the couple's real and personal property. According to the terms of this agreement (hereinafter "settlement agreement"), Mr. Arnold would convey his one-half interest in the real estate to Mrs. Arnold and she would assume responsibility for the mortgage and utility payments on the property. The settlement agreement also provided that Mr. Arnold released Mrs. Arnold from any and all claims he might have or might have had against her arising out of the relationship, and vice versa.

The second agreement, signed the same day, was termed "Contract" and contained more specific terms regarding the real estate. This contract (hereinafter "real property contract") provided that Mr. Arnold would convey his one-half interest in the real estate to Mrs. Arnold, and that she would make the mortgage and utility payments on the property. Additionally, it required Mrs. Arnold to maintain the property and place the real estate on the market as soon as practicable. Upon the sale of the property, Mrs. Arnold would give Mr. Arnold one-half of the proceeds. The real property contract also included provisions allowing credit for repairs and setting limits on the parties' shares of the proceeds. The contract specifically referred to the pending divorce proceeding and provided that the real property contract shall have "the same force and effect as any agreement made the judgment and Final Decree and Order of said Court [in the divorce action]," and that "both parties will fully abide by the terms of the [real property contract]."

A month after these contracts were executed, the court in the divorce action entered its "Total Divorce Judgment and Decree," which incorporated only the settlement agreement executed by the parties. The decree did not refer to the real property contract.

Nearly two years later, Mr. Arnold sued Mrs. Arnold for breach of contract and in equity, alleging that she failed to effectuate the sale of and failed to maintain the real property as agreed in the real property contract. He also alleged that Mrs. Arnold expressed the

fact that she had no intention of paying him as agreed. At trial, Mrs. Arnold moved for directed verdict, claiming she was not bound by the provision in the real property contract because the terms of that contract were not incorporated into the subsequent divorce decree. The trial court denied the motion. The jury returned a verdict for Mr. Arnold for $15,434. Mrs. Arnold made motions for judgment n.o.v. and for new trial, which the trial court denied. Mrs. Arnold appeals.

The standard used to review the denial of a motion for directed verdict or judgment n.o.v. is the "any evidence" test. See *Beasley v. Paul*, 223 Ga. App. 706, 707 (2) (478 SE2d 899) (1996). The standard of reviewing the denial of a motion for new trial is whether the verdict is contrary to or strongly against the weight of the evidence. Id. at 707 (1). For the following reasons, we find no error in the denial of these motions.

1. We disagree with Mrs. Arnold's contention that because the real property contract was not incorporated into the final divorce decree, the former was not binding. The real property contract sued upon was a separate, written agreement which involved a subject matter not completely covered by the separation agreement and which specifically provided that it would have the same force and effect as the order entered in the divorce action.

We are aware that "[n]egotiations and oral agreements between husband and wife, preceding divorce, as to alimony and child support, are, by presumption of law, merged in the final judgment in the divorce suit [and that] [u]nderstandings between the husband and wife which are not incorporated into the divorce decree are not binding." (Citations omitted.) *Cabaniss v. Cabaniss*, 251 Ga. 177, 179 (4) (304 SE2d 65) (1983). That is not to say, however, that the real property contract at issue in this case necessarily merged into the final decree or is otherwise not binding.

The instant case involves a written rather than an oral agreement. Thus, there was more than just an oral agreement or an "understanding." Compare *Estes v. Estes*, 192 Ga. 100 (14 SE2d 680) (1941), where the ex-husband sought to modify or alter the terms of the settlement agreement based on the parties' alleged "understanding" that his support obligation would terminate upon the occurrence of certain events.

Moreover, prior agreements are only *presumed* to merge into the final judgment. Here, there was evidence rebutting that presumption. In general, whether the doctrine of merger applies depends upon the intention of the parties. See generally *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 198 (2) (A) (393 SE2d 44) (1990). The attorney representing Mr. Arnold in the divorce proceeding testified that Mrs. Arnold, acting pro se, requested that the real property contract be drawn up separately. Mrs. Arnold told Mr.

Arnold's attorney that she did not want to include the provisions regarding Mr. Arnold's entitlement to one-half of the sale proceeds in the settlement agreement because she wanted Mr. Arnold, who had a limited income and no place to live, to be able to qualify for government-subsidized housing. Mrs. Arnold told the attorney that she was concerned that if Mr. Arnold's right to the proceeds was reflected in court records, he would have difficulty qualifying for subsidized housing. The attorney added that both parties intended for Mrs. Arnold to sell the house and share the proceeds with Mr. Arnold. We point out that in this case we are not asked to, nor do we find it necessary to, address the ethical or legal issues involved in the parties' apparent efforts to hide assets in order to qualify for public assistance. The reason the testimony is important in this case is that it is indicative of the parties' intent to enter into two separate, binding agreements. Further evidence of their intent to have two separate, enforceable contracts is found on the face of the real property contract, which states that the real property contract will be of the same force and effect as the divorce decree. The jury could have found from the evidence that both parties intended the real property contract to be a separate contract which could be enforced independently as a contract, and that they did not intend in signing the settlement agreement to release each other from any claims arising out of this separate real property contract.

The rule that an existing contract may be superseded and discharged by a valid and inconsistent agreement completely covering the subject matter embraced by the original contract does not require a contrary result. See generally *City of Buford v. Intl. Systems*, 158 Ga. App. 682, 684 (282 SE2d 165) (1981). The settlement agreement incorporated into the decree in this case was entirely consistent with the real property contract and did not completely cover the same subject matter. The fact that the two contracts here did not completely cover the same subject matter distinguishes the instant case from *Pannell v. Pannell*, 162 Ga. App. 96 (290 SE2d 184) (1982), where an ex-wife sued to enforce a separation agreement which had been incorporated into a final divorce decree. We also note that *Pannell* primarily involves a personal jurisdiction issue, and the court's holding on the merger issue is not explained. The trial court did not err in denying Mrs. Arnold's motions under either the "any evidence" or the "strongly against the weight of the evidence" standards.

2. Mrs. Arnold did not assert in her responsive pleadings below the arguments raised on appeal that Mr. Arnold's action was barred by the doctrines of res judicata and estoppel by judgment. In failing to timely assert these affirmative defenses, she has waived them. See *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (3) (428 SE2d 381) (1993); see generally *Glen Oak v. Henderson*, 258 Ga. 455, 458

(2) (a) (369 SE2d 736) (1988).
*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 8, 1997.

*R. Lars Anderson*, for appellant.
*Westmoreland, Patterson & Moseley, Bradley G. Pyles, Earl T. Shaffer, Jr.*, for appellee.