1. "A deed conveying a described parcel of land, `with the appurtenances,' conveys to the grantee as a appurtenant to the land the right to the free and unobstructed use and enjoyment of an alley adjoining the property, which the grantor had laid out and set apart for such use, and the fee to which was at the time of the conveyance in the grantor." Murphey v. Harker, 115 Ga. 77 (3) (41 S.E. 585). A fortiori this rule would apply where, as in the instant case, the deed describes the easements and specifically provides that they shall remain forever open. See Taylor v. Dyches, 69 Ga. 455, 458.
(a) In a case where the deed does not convey the easement either in general or specific terms, the rule would seem to be that, in order to establish an implied grant of an easement, the easement would have to constitute an appurtenance necessary to the use of the premises; but under the record as actually presented, and the above ruling based thereon, that question need not be here dealt with. See, in this connection, *Page 407 Calhoun v. Ozburn, 186 Ga. 569, 571 (2) (198 S.E. 706); Gaines v. Lunsford, 120 Ga. 370 (47 S.E. 967, 102 Am. St. R. 109); Miller v. Slater, 182 Ga. 552, 557
(186 S.E. 413).
2. Under the above rulings, it was error to grant an injunction denying the owner of a lot the use of appurtenances thereto which have been both generally and specifically embraced in his deed to the lot.
Judgment reversed. All the Justicesconcur.
 No. 15564. SEPTEMBER 5, 1946. REHEARING DENIED OCTOBER 11, 1946.
W. C. Cantrell purchased "lot No. 6 of tract No. 1, of the J. L. Kaylor Estate, located in land lot No. 128," in the City of Carrollton. The deed described the land by metes and bounds, referred to a recorded plat, and contained the following provisions: "On the northeast side of the above-described tract of land there is a private driveway running to lot No. 8, of tract No. 1, from Maple Street, to said lot No. 8, which is to remain forever open. Also the triangular piece of property in the corner of Maple Street and Park Street, which is described as 48' northwest from the intersection of Park and Maple Street; 41.7' northeast and 62.5 feet south, is to be forever open and be the private property of the Kaylor Estate." The habendum clause of the deed conveyed "unto the said party of the second part, his heirs and assigns, the said described land, with all the rights, members, and appurtenances thereunto belonging or in anywise appertaining, to him and his own proper use, benefit, and behoof forever."
Approximately four years after the execution of the above deed by the administrators de bonis non of the estate of J. L. Kaylor, the grantee Cantrell filed a petition in Carroll Superior Court, alleging that Julian Kaylor and Fletcher Kaylor, who had purchased adjoining lots, were interfering with his use of the driveway and open area adjacent thereto, both of which by the terms of the plaintiff's deed were to remain forever open. A temporary restraining order was granted and a rule nisi was issued against the defendants.
In their answer, the defendants denied that the plaintiff had any right, title, or interest in and to the driveway or to the triangular piece of property described in the deed; and alleged that Cantrell was continually trespassing upon the driveway and triangular piece of property; and prayed that the plaintiff be restrained and enjoined from entering upon both pieces of property. *Page 408 
Upon the hearing, the plaintiff relied upon his deed, and the plat therein referred to as descriptive of the lot conveyed, to establish his right to the use of the properties in question. The defendants relied upon their own deed from the same administrators, which contained a provision identical with that in the plaintiff's deed as to the driveway, and a provision as to the triangle, but more fully expressed. They introduced their own affidavits, and the affidavits of one of the administrators of the Kaylor Estate, and affidavits of the two heirs at law of J. L. Kaylor, deceased, from all of which affidavits evidence was adduced to the following effect: That the driveway and triangular property adjacent thereto, which were referred to in both the plat and the plaintiff's deed, as well as in the defendants' deed, were in existence and were used by the Kaylor Estate prior to the sale of the lot to the plaintiff; that the plaintiff and the defendants hold separate estates, both of which were purchased from a common grantor, the administrators of the Kaylor Estate, on or about May 5, 1942; but that the driveway was at the time of sale of the plaintiff's lot a private driveway of Kaylor Estate, intended for the use of the owner of an interior lot; and that they, the defendants, as purchasers of the interior lot, obtained title to the driveway and the right to its exclusive use; that the plaintiff acquired no right, title, or interest by virtue of his deed to the triangular piece of property referred to therein, but that this triangle was the sole property of the Kaylor Estate, and that the defendants were using it only by reason of terms in their deed from the Kaylor Estate which granted specific permission for its use; and further that the plaintiff is not required as a matter of necessity to have the use of either piece of the property involved as a means of ingress or egress.
Based upon the above evidence, the judge entered an order dissolving the temporary restraining order against the defendants, and entered an order restraining the plaintiff from using the private driveway in question. In his bill of exceptions, the plaintiff excepted to the above orders.