## 33813. DRILLERS SERVICE, INC. v. MOODY et al.

HILL, Justice.

This is a claim case. Code §§ 39-801, 39-901.

Drillers Service, Inc., filed suit on open account against J. H. Moody and obtained and recorded a judgment against him on August 19, 1975. In October,

1975, when the sheriff sought to levy an execution, Edward Zell Moody filed a claim to the 4.8 acres of real property in question.

At trial in February, 1977, the evidence showed the following: J. H. Moody and Edward Zell Moody are brothers. Edward Zell Moody guaranteed his brother's loan at a bank under an oral agreement whereby J. H. Moody agreed to convey the 4.8 acres to Edward Zell Moody if J. H. Moody defaulted and Edward Zell Moody were required to pay the bank. Edward Zell Moody withdrew money from his savings account and paid the bank on August 11, 1975, shortly before the judgment was rendered in favor of Drillers Service. The bank marked the security instruments canceled and delivered them to Edward Zell Moody. After the bank debt was paid, J. H. Moody transferred title to a truck, as agreed, to Edward Zell Moody but did not at that time sign a warranty deed which had in fact been prepared for his signature in August, 1975. Edward Zell Moody testified that he took possession of the 4.8 acres on August 11, 1975. A warranty deed to the property from J. H. Moody to Edward Zell Moody was executed and recorded in December, 1976, shortly before trial of the claim. It recited that the consideration had been paid in August, 1975.

At trial, Edward Zell Moody claimed a perfect equity in the property. The jury found in his favor against Drillers Supply and its motion for new trial on the general grounds was overruled.

1. Drillers Service enumerates as error the overruling of its motion for summary judgment. Where a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment. *Hill v. Willis*, 224 Ga. 263 (2) (161 SE2d 281) (1968); *Dunlap v. Dunlap*, 234 Ga. 304 (3) (215 SE2d 674) (1975); *Melton v. Bow*, 145 Ga. App. 272 (5) (243 SE2d 590) (1978).

2. Edward Zell Moody contends that on trial of a claim to land, the claimant may base his claim upon a perfect equity in the land. *Harris v. Anderson*, 149 Ga. 168 (1) (99 SE 530) (1919). He contends that he has a perfect

equity in the land, citing *Grace v. Means,* 129 Ga. 638 (1) (59 SE 811) (1907). In *Grace v. Means,* the court held that where a vendee makes a contract for the purchase of land, pays all the purchase money, goes into actual possession, and nothing remains to be done by him to comply with the contract, he thereby acquires a perfect equity which is the equivalent of whatever legal title the vendor had, even in the absence of a deed.

However, under the facts of this case Edward Zell Moody was not a vendee with contract for the purchase of land. He was a guarantor and he became a creditor with parol security agreement. We hold that a creditor with no more than a parol security agreement does not have the same rights as a vendee with contract for purchase of land, and that such a creditor cannot acquire a perfect equity in land as against another creditor. The verdict is without evidence to support it and must be set aside as contrary to the law and the principles of equity.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 7, 1978 — DECIDED SEPTEMBER 8, 1978.

*J. Harold Mimbs,* for appellant.
*Charles W. Heath,* for appellees.