## 64959. THOMAS v. DOUGLAS.

MCMURRAY, Presiding Judge.

This action arose as the result of a dispute between the parties (plaintiff and defendant) about the correct location of the boundaries between their respective real properties and with regard to the use of and the property rights of the parties in a certain alley or lane. Plaintiff originally sought injunctive relief, as well as that the court declare her right and title to the property therein described, including the removal of the obstruction placed in the alley by the defendant, special damages of $150 by reason of the destruction by the defendant of a fence plaintiff had erected along her property line adjacent to the alley and seeking other damages for the trespass and

destruction of plaintiff's fence and property. She contended therein that the defendant had willfully, maliciously, and unlawfully encroached upon her property on the southeast boundary and western boundary thereof by destroying her fence and constructing a chain link fence upon plaintiff's property and also in attempting to close the 20-foot alley contending same had been openly used by the public since 1920.

The defendant answered, in general denying the claim, admitting only jurisdiction. Defendant contends that her property actually extends over the alley and adjoins the plaintiff's property, the alley being only a 10-foot alley which has never been dedicated to public use, completely on defendant's property and the fence she destroyed or removed was actually being constructed on her property and she had a right to construct the chain link fence.

After trial by jury a verdict was returned in favor of the plaintiff awarding her $150 special damages and $7,500 for punitive damages. Whereupon, the judgment followed the verdict and provided that the plaintiff's land line was established in accordance with her survey submitted in evidence "bordered on the western boundary by the 20 foot alley," and the "plaintiff is entitled to an easement over the 20 foot alley," the court ordering the chain link fence on plaintiff's western boundary to be removed and the plaintiff to recover the damages awarded by the jury. Defendant appeals. *Held:*

1. Defendant (appellant) admits that the Supreme Court case of *Colley v. Dillon,* 247 Ga. 4 (273 SE2d 606), which quotes from *Smith v. Morgan,* 222 Ga. 7 (148 SE2d 385), controls, that is, that this is a land line dispute and does not involve title to the land (although originally the plaintiff sought equitable relief). Accordingly, we proceed to consideration of the case based upon the errors enumerated.

2. The first enumeration of error contends the trial court erred in charging the jury that "a deed which conveys land described as bounded by an alley carries with it the base fee title to half the area of the alley, together with an easement over its full width." Defendant contends that the trial court erred in not qualifying this charge as requested. That is, that this was an incomplete statement of the law, and the charge should have provided that the grantor have title to the land represented as an alley before a covenant of easement over it can be applied. The written request was based upon *Cantrell v. Kaylor,* 201 Ga. 406 (39 SE2d 657), which case quoted from *Murphey v. Harker,* 115 Ga. 77 (3) (41 SE 585), that a deed conveying described land bounded by an alley confers the right to the free and unobstructed use and enjoyment of the alley " 'which the grantor had laid out and set apart for such use, and the fee to which was at the time

of the conveyance in the grantor.' " We are concerned here with the paucity of the evidence surrounding the alley as to whether or not it was a public or private way and as to when it came into existence there being evidence that it had been in existence for a number of years. First of all, we are not concerned here with the issue of title but only as to the location of the alley either of 10-foot width entirely located within defendant's claimed property or 20-foot width and a boundary line of plaintiff's property depending upon the testimony submitted by the parties. Here there was conflicting evidence that the municipality in which it was located had exercised dominion over it as an alley of the city; but from the evidence introduced by the parties it is evident that they each owned property in the area, albeit the defendant claimed her property extended over the alley of 10-foot width so that her line adjoined the plaintiff's and the alley was entirely on her property. Nevertheless, she failed to produce any deeds in support of her claims whereas the plaintiff produced certain deeds showing and reciting the described property as bounded on the southwest by a 20-foot alley or lane. Therefore, based upon the charge as given it was not an incorrect statement of the law although other cases are more supporting than the *Cantrell* case. The charge was not subject to the objection made that it was unclear and improper because it assumed as a matter of law that plaintiff's land was bounded by the alley in question. There was evidence to support this. Plaintiff's evidence established that her land was bounded by the alley even though the defendant's testimony was that her land line extended beyond the alley to adjoin the plaintiff's land. Generally, title to one-half of a road, alley or lane passes by operation of law with the conveyance of the adjoining land as the owner of the abutting land is presumed to own that half of the roadway contiguous to his property if the title to the fee is not in the public or another. See *R. G. Foster & Co. v. Fountain,* 216 Ga. 113, 123 (114 SE2d 863); *Long v. Faulkner,* 151 Ga. 837 (1) (108 SE 370); *Silvey v. McCool,* 86 Ga. 1 (1) (12 SE 175); *MARTA v. Datry,* 235 Ga. 568, 570 (220 SE2d 905). Here the plaintiff showed title by deed to land adjoining the 20-foot alley, and no other title to the alley was shown.

3. Defendant next enumerates error to a charge that whenever a private way has been in constant or uninterrupted use for seven years or more, and no legal steps have been taken to abolish same, it shall not be lawful for anyone to interfere with said private way. The court also charged that if a private way has been in use for as much as one year the owner of land over which it passes may not close it up without first giving the common users of the way 30 days notice in writing that they may take steps to have it made permanent. Error is likewise assigned to this charge as being erroneous. There was evidence to

support both charges. Again we refer to the fact that there was a paucity of evidence as to whether the right of use of the alley or lane was as a public or private way and the testimony sharply disputed whether it was of 10 or 20-foot width. Accordingly, the trial court did not err in charging the substance of Code §§ 83-112 (now OCGA § 44-9-54, effective November 1, 1982) and 83-114 (now OCGA § 44-9-56, effective November 1, 1982), both of which instructions were authorized by the evidence here. We note also the procedure under Code § 83-119 (now OCGA § 44-9-59, effective November 1, 1982) for the removal of obstructions in a private way. However, as the subject matter of this suit was in the superior court it had authority to order the removal of the obstructions and declare the rights of the parties.

4. The remaining enumeration of error is concerned with the denial of the defendant's motion for partial summary judgment. Defendant contends that the plaintiff had failed to meet her burden of proof in demonstrating that the area in question had not become a public road through dedication or prescription. However, the defendant admitted that there was an alley although she contended it was only 10 feet in width solely contained within her property. Yet plaintiff's testimony refutes defendant's claim showing the existence of a 20-foot alley for more than seven years, be it public or private. However, after a verdict and judgment, the same being authorized by the evidence, it is too late to review a judgment denying summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. See *Phillips v. Able,* 141 Ga. App. 291 (1) (233 SE2d 384), and cases cited therein; also *Drillers Service, Inc. v. Moody,* 242 Ga. 123, 124 (1) (249 SE2d 607). There is no merit in this complaint as the evidence authorized the verdict and judgment.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 14, 1983.

*James M. Thomas,* for appellant.
*John R. Thigpen,* for appellee.