A89A0419. SCOTT v. MOHR.
(383 SE2d 190)

BIRDSONG, Judge.

This is a direct appeal by the former wife of the appellee, upon an action for breach of a contract entered into by the parties contemporaneous with the divorce settlement and judgment.

The divorce settlement and agreement entered into and incorporated in the divorce judgment and decree, provided that Mohr would "pay and be responsible for the cost of any psychiatrist or other behavioral scientist the Wife may use for her own care up to, but not exceeding, 24 consecutive months [hereafter] . . . and up to, but not exceeding, a total cost . . . in any given month."

On the same date as the execution of the divorce settlement and judgment, the parties executed another, completely separate "AGREEMENT." This agreement comprising one page provided: "This document shall constitute an agreement which shall not be attached to the original separation Agreement and the same shall not be made a part of any court order, although the same shall constitute an agreement between the parties which may be enforced as a separate subsequent contractual commitment between the parties. This

Agreement shall not be construed as waiving the required payments set forth in paragraph 6 of the separation Agreement."

This separate agreement, apparently as an inducement to the appellant, former wife, to be sparing in her use of psychiatric care, provided that each month Mohr would pay to appellant "25% of the difference by which $1,400 exceeds her actual psychiatry bills."

The appellant, former wife, incurred no psychiatric expenses at all during the 24 months specified; so, she sued for 25 percent of $1,400 for each month ("the difference by which $1,400.00 exceeds her actual monthly psychiatry bills"), or $8,400 total. The trial court granted summary judgment to the appellee Mohr. Upon appellant's direct appeal, Mohr says the suit (enforcement of divorce or domestic relations settlement or agreement) was subject only to discretionary appeal under OCGA § 5-6-35 (a) (2), and therefore this direct appeal should be dismissed. *Held*:

1. The appellee's motion to dismiss direct appeal is denied. Admittedly the appeal status of all cases touching on domestic relations is in some disarray, but this agreement clearly was expressly intended by both parties to be a separate contract which could be, and was, sued upon independently as a contract. There is authority for direct appeal in cases which originally may have arisen from a domestic relations situation, but which now sound only as an action at law for contract debt. See *Department of Human Resources v. Johnson*, 175 Ga. App. 610 (333 SE2d 845); *Karsman v. Portman*, 170 Ga. App. 194 (316 SE2d 819).

This is not the case to resolve any uncertainty as to the appealability of cases brushing up against a domestic relations subject matter. This separate agreement by its express terms was intended not to be a part of the court's judgment and decree. Evidently this private financial inducement to the wife to diminish Mohr's responsibility for any psychiatric services by arranging a bonus for herself, was deemed to be an inappropriate matter for the court judgment. But we cannot find that, freely entered into by both parties, with a potential benefit to each, this separate agreement violates any rule of law or violates public policy. Clearly, a former husband and wife may enter into contractual agreements separate from any decreed by the court upon a divorce. We therefore find this to be a breach of contract action, and directly appealable.

2. The trial court did not err in granting summary judgment to Mohr upon any grounds, including the alleged impropriety of considering Mohr's summary judgment affidavit.

The "Agreement" on its face is clear and unambiguous. It contemplates that appellant should receive 25 percent of the difference by which $1,400 "exceeds her *actual* psychiatry bills." But there were no *actual* psychiatry bills which $1,400 could "exceed."

If any polemical doubt remains as to the clarity of the parties' agreed intent here, advertence is made to the divorce separation and agreement made a part of the final judgment which provides that "[h]usband shall pay and be responsible for the *cost of any* psychiatrist or other behavioral scientist the [w]ife *may use* . . . [up to $1,400 per month]." (Emphasis supplied.) This provision clearly shows there was no contemplation or intention that the wife would in fact use psychiatric care, but only that he would be responsible up to $1,400 for "any" which she "might" use.

Finally, neither the divorce settlement and judgment, nor the separate private "Agreement" which was to induce her to minimize any psychiatric care, indicates any intention whatsoever to pay or be responsible to her for anything or any amount if she did not incur any psychiatric expense at all.

There is no basis at all for appellant to contend the agreement constituted an agreement to pay her 25 percent of $1,400 per month if she sought or needed no psychiatric care. He was made responsible by the divorce judgment for "any" such treatment the wife "may use," and that is all. The parallel "agreement," which is based solely on private mitigation of that court provision, cannot create an obligation where none existed.

This contract is too clear and unambiguous to speculate otherwise. See *Citicorp. &c. v. Rountree*, 185 Ga. App. 417 (364 SE2d 65). *Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 6, 1989.

*Maddox, Maddox & Maddox, Lynwood A. Maddox, Jr.*, for appellant.
*Donald A. Weissman*, for appellee.