## S97A0760. COGGIN v. FITTS.
### (485 SE2d 495)

FLETCHER, Presiding Justice.

In this will contest, a jury found against the 1994 will of Claude Estes Fitts and in favor of appellee Ruth Turner Fitts, his wife of 62 years. Appellant Daniel S. Coggin, the propounder and sole beneficiary of the 1994 will, contends that the trial court committed reversible error by improperly questioning a critical witness. Because the trial court neither expressed nor intimated an opinion on what the parties had proven, we affirm.

In response to a separate maintenance action that Mrs. Fitts filed, Mr. Fitts executed a new will in May 1994 that left all of his property to Coggin, a friend and part-time employee. The trial court in the separate maintenance action ordered an equitable division of marital assets in August 1994, but Mr. and Mrs. Fitts continued to live together in their family residence. After Mr. Fitts died in February 1995, Mrs. Fitts filed a petition to probate a 1987 will and Coggin presented the 1994 will for probate. The probate court ruled in favor of the 1994 will. Mrs. Fitts appealed to superior court, a four-day trial was held, and the jury rendered its verdict against the 1994 will.

1. Coggin alleges that the trial court erred in denying his motion for summary judgment on the issues of testamentary capacity and undue influence, but an appellate court does not review the denial of summary judgment once a case is tried.[1] Instead, the appellate court reviews the sufficiency of the evidence in the light most favorable to the jury's verdict.[2] When a testator bequeaths his entire estate to strangers to the exclusion of his spouse, the will must be closely scrutinized and refused on the slightest evidence of aberration of intellect or undue influence.[3]

At trial, a board-certified psychiatrist who interviewed Mr. Fitts in February 1994 testified that he had a long-term paranoid personality disorder. The psychiatrist further testified that this disorder would affect a person's capacity to make a will and would not necessarily be apparent during a routine medical examination. Other witnesses who had worked for the couple or visited them in 1994 testified about behavior of Mr. Fitts that was consistent with the psychiatrist's diagnosis. Mrs. Fitts also presented evidence that Coggin had received $23,000 in cash from Mr. Fitts in the three months before his death, received $150,000 in gold coins following the separate maintenance action, and was present when the testator and his

[1] *Drillers Svc. v. Moody*, 242 Ga. 123, 124 (249 SE2d 607) (1978).
[2] *Wright v. Thompson*, 236 Ga. 655, 659 (225 SE2d 226) (1976).
[3] OCGA § 53-2-9 (b).

attorney discussed drafting the will and making Coggin the beneficiary. Construing the evidence most favorably toward upholding the verdict, we conclude that the evidence was sufficient to support the verdict.

2. A trial judge has the right to propound questions to any witness for the purpose of developing the truth so long as the court does not express or intimate an opinion on the facts of the case or become argumentative.[4] The Georgia Civil Practice Act provides that it is reversible error for the trial judge to express an opinion.

> It is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error, the decision in the case shall be reversed, and a new trial shall be granted in the court below.[5]

This rule against commenting on the evidence "hovers" over any judge's examination of witnesses.[6] First, "it is difficult for the court to conduct extensive questioning of a witness without becoming an advocate."[7] Second, the trial court's questioning usurps the duty of counsel to bring out the facts and thus confuses and disparages the attorneys who are trying the case.[8] Third, a long examination may divert the jurors' attention from the witnesses' testimony to the court's questions in an effort to ascertain the judge's opinion.[9] Thus, we agree with the Court of Appeals conclusion: "It is always wiser, safer, better, and juster that trial judges should confine themselves exclusively to an enunciation of the law, leaving to counsel the duty of elucidating the facts, and to juries the finding of the truth in the evidence."[10]

In this case, the trial judge questioned the attorney who represented Mr. Fitts in the separate maintenance action concerning his testimony that Mrs. Fitts could have talked with Mr. Fitts or filed a different type of lawsuit to protect her claim to the marital assets.[11] The examination dealt primarily with a legal issue that was, at best,

---

[4] *Gillis v. Bowman*, 132 Ga. 762 (64 SE 1096) (1909).

[5] OCGA § 9-10-7; see also OCGA § 17-8-57 (applying same rule to criminal cases).

[6] See Paul S. Milich, Georgia Rules of Evidence, § 2.3 at 12 (1995).

[7] *Stinson v. State*, 151 Ga. App. 533, 537 (260 SE2d 407) (1979).

[8] *Ford v. State*, 2 Ga. App. 834, 837 (59 SE 88) (1907).

[9] Id.

[10] Id. at 838.

[11] The trial court asked: "Do you think that she sat down and tried to talk with him before she did anything else?" and "But what could she have done besides filed a separate maintenance action?"

114

tangentially related to the disputed fact issues of testamentary capacity and undue influence. Having reviewed the trial transcript, we conclude that the trial court did not ask improper questions, express an opinion on the facts of the case, or conduct an argumentative examination during his brief questioning of one witness.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 9, 1997.

*Knight, Stemberger & Gomez, William J. Stemberger, Jr.,* for appellant.

*Willis, McKenzie & Long, Charles J. Willis,* for appellee.