## A98A1264. SMITH v. SIMONDS et al.
### (506 SE2d 874)

BEASLEY, Judge.

Eleanor Simonds and Roberta McKinley, as co-executrices of the estate of Coma Maxey Bridges, filed a suit for declaratory judgment against Lanier Smith. The trial court granted their motion for judgment on the pleadings and did not expressly rule on Smith's similar countermotion.

Smith and Bridges were married in 1946 and divorced in 1958. After Bridges died in 1994, Smith made a claim to one-half the proceeds from the co-executrices' sale of property owned by Bridges at her death which previously had constituted the marital residence. Smith's claim is premised on a written agreement between himself and Bridges. It was signed after they executed a settlement agreement during the pendency of their divorce proceeding but before entry of a divorce decree incorporating the settlement agreement. The co-executrices sought a declaration that the side agreement is legally unenforceable.

Bridges' divorce action against Smith culminated in a final judgment on September 22, 1958. The incorporated settlement agreement provided that in lieu of paying alimony, Smith would make a full conveyance of the marital residence to Bridges. He did so by deed dated and recorded on August 6, 1958.

Before entry of the divorce decree, Smith came to believe the agreement was unfair to him. He persuaded Bridges to allow him one-half of the net proceeds from any sale of the property in consideration of his acceding to the divorce. The signed agreement to this effect was eventually recorded in January 1959. Smith admitted in his counterclaim in this action, and by affidavit, that this written agreement was entered into shortly before rendition of the divorce decree.

1. Under these undisputed facts, the co-executrices were entitled to the relief sought under the principle that "[t]he judgment is conclusive on the parties, and the defendant therein can not set up prior or contemporaneous agreement the effect of which would be to alter

or modify its terms."[1] The fact that Smith conveyed the property to Bridges prior to the parties' execution of the written agreement is immaterial. Their rights did not become fixed until finalization of the divorce decree. The critical uncontested fact, shown by both Smith's counterclaim and affidavit, is that the parties' execution of the written agreement preceded the court's entry of the divorce decree.[2] Consequently, the co-executrices were entitled to judgment in their favor, both on the pleadings and summary-wise under OCGA §§ 9-11-12 (c) and 9-11-56. Any solicitation by the court of irrelevant testimony concerning child support or admission of evidence on this subject, at the hearing on the co-executrices' motion, provides no basis for reversal.

2. Smith additionally enumerates as error the court's refusal to grant summary judgment to him. He made no such motion, although in his response to plaintiffs' motion for judgment on the pleadings he, too, demanded judgment on the pleadings. He presented no motion in this regard. Had he done so, it would stand denied in effect by the granting of plaintiffs' motion.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 11, 1998 —
RECONSIDERATION DENIED SEPTEMBER 30, 1998 —

*Dennis P. Helmreich*, for appellant.

*McLeod, Benton, Begnaud & Marshall, William C. Berryman, Jr., Hilary N. Shuford*, for appellees.

---

[1] *Estes v. Estes*, 192 Ga. 100, 101-102 (14 SE2d 680) (1941); see also *Cabaniss v. Cabaniss*, 251 Ga. 177, 179 (4) (304 SE2d 65) (1983).

[2] Compare *Spivey v. McClellan*, 259 Ga. 181 (378 SE2d 123) (1989); *Scott v. Mohr*, 191 Ga. App. 825 (383 SE2d 190) (1989).