### A08A0154. CAWLEY v. BENNETT.
(666 SE2d 438)

PHIPPS, Judge.

Henry Patrick "Buddy" Cawley (hereinafter Cawley) appeals the judgment entered upon the jury's verdict against him for defaulting on a promissory note he executed in favor of his then wife, Kim Cawley. For reasons that follow, we reverse with direction.

On April 13, 1993, during the pendency of their divorce case, Kim and Buddy Cawley met at his divorce attorney's office.[1] Cawley signed a document, the substance of which provided in full, "I, Buddy Cawley do agree to pay Kim Cawley the sum of $30,000. The sum of $30,000 is to be paid in full by [our daughter's] 10th birthday." During that meeting, Kim and Buddy Cawley also executed a settlement agreement, which was incorporated into their divorce decree entered the next month by the court.

When their daughter's tenth birthday passed without payment under the note, Kim Cawley assigned the note to her father, Charles Bennett, because she did not want to go back to court against Cawley. Cawley did not respond to Bennett's demand to pay him under the

---

[1] Kim Cawley was not represented by counsel in the divorce case.

note, and Bennett sued Cawley for breach of the $30,000 promissory note.

Cawley denied liability under the note. He moved for summary judgment, asserting that Bennett was attempting to collect upon a note assigned to him, but that the note was unenforceable by the assignor, Kim Cawley. Cawley argued that the settlement agreement had resolved their issues arising from the divorce, that the settlement agreement had been incorporated into the divorce decree, that neither the settlement agreement nor the divorce decree incorporated the note, and that, in light of the conclusive effect of the divorce decree, Kim Cawley was barred from enforcing the note against him.

Opposing Cawley's motion, Bennett claimed that the note was "a legally enforceable contract separate from the settlement agreement" of the divorcing parties. Citing *Arnold v. Arnold*,[2] the trial court agreed with Bennett that there was a genuine issue of material fact as to the intent of the parties with respect to the promissory note and therefore denied Cawley's summary judgment motion. Cawley did not seek interlocutory review of the denial, and at trial, he did not move for a directed verdict. Judgment was entered upon the jury's verdict in Bennett's favor, and Cawley's motion for new trial was denied.

1. Among his contentions, Cawley argues that the denial of his summary judgment motion was error. "[B]ut an appellate court does not review the denial of summary judgment once a case is tried. Instead, the appellate court reviews the sufficiency of the evidence in the light most favorable to the jury's verdict."[3]

Under Bennett's theory of the case, the note resulted from a dispute between Kim Cawley and Cawley concerning Cawley's child support obligation. Kim Cawley testified about how the note came into existence. At Cawley's divorce attorney's office on April 13, 1993, she was presented with a settlement agreement that obligated Cawley to make monthly payments of $250 to her in child support. She refused to sign the settlement agreement, objecting that the amount was inadequate. Only because Cawley agreed to pay her $30,000 by their daughter's tenth birthday did she sign the settlement agreement.

---

[2] 227 Ga. App. 152 (489 SE2d 65) (1997).

[3] *Coggin v. Fitts*, 268 Ga. 112 (1) (485 SE2d 495) (1997) (footnotes omitted); see *Drillers Svc. v. Moody*, 242 Ga. 123, 124 (249 SE2d 607) (1978) (where a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment).

The settlement agreement contains a "Child Support" section, but it provides only that Cawley pay $250 to Kim Cawley each month until their child marries, dies, becomes self-supporting, or reaches the age of 18; and that he pay half of their child's reasonable daycare expenses. Pertinently, neither the settlement agreement nor the divorce decree mentions any obligation for Cawley to pay $30,000 to Kim Cawley by their daughter's tenth birthday; and neither the settlement agreement nor the divorce decree mentions or incorporates any note setting forth such an obligation. Furthermore, the settlement agreement provides:

> It is agreed and understood that this shall be a full and complete settlement of all claims which either party may have . . . against the other. . . . The wife . . . does further waive any and all claims, rights, causes of chooses [sic] in action which she may have against husband and, does now waive any and all claims against the husband or the estate of the husband for any and all rights or reasons whatsoever. . . . This agreement constitutes the entire agreement between the parties and supersedes any and all other agreements previously made by the parties. . . . Both parties further state that no representation has been made other than those contained herein upon which either party relies.

The evidence, construed in Bennett's favor, showed that the note pertained to Cawley's child support obligation. But in light of the settlement agreement, which was incorporated in the divorce decree, there is no evidence that the note thereafter was enforceable by Kim Cawley.[4] Contrary to Bennett's assertion, *Arnold* does not control this case to require an affirmance as that case is inapposite.[5] And

---

[4] See generally *Wallace v. Bock*, 279 Ga. 744, 746 (1) (620 SE2d 820) (2005) (an existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject matter embraced by the original contract); *Kreimer v. Kreimer*, 274 Ga. 359, 361 (1) (552 SE2d 826) (2001) (settlement agreements in divorce cases must be construed in the same manner and under the same rules as all other contractual agreements); *Estes v. Estes*, 192 Ga. 100, 101 (14 SE2d 680) (1941) (where an agreement is incorporated into a divorce decree, the judgment is conclusive between the parties and cannot be altered by purported prior or contemporaneous agreements which would alter or modify the terms of the judgment); *Smith v. Simonds*, 234 Ga. App. 575, 575-576 (1) (506 SE2d 874) (1998) (judgment is conclusive on divorcing parties, and they cannot set up prior or contemporaneous agreement the effect of which would be to alter or modify its terms).

[5] Supra at 152-154 (1), (2) (divorcing spouses' separate, written agreement concerning real property was enforceable, where the settlement agreement "was entirely consistent with the real property contract and did not completely cover the same subject matter," where the real property agreement expressly provided that it would have the same force and effect as the order entered in the divorce action, and where the defenses of res judicata and estoppel by judgment had been waived for failure to timely assert).

although Kim Cawley subsequently assigned the note to Bennett, it is well established that "an assignee takes the assignment subject to defenses against the assignor."[6]

Moreover,

> where, as here, the divorce decree does, at the very least, address a question concerning the liability of the non-custodial parent for child-support-obligation items, a § 19-6-19 modification action is the custodial parent's *exclusive* remedy in regard to supplementing the decree with a provision obligating the non-custodial parent to pay additional child support.[7]

"While parties may enter into an agreement concerning modification of child support, the agreement becomes an *enforceable* agreement only when made the order of the court pursuant to OCGA § 19-6-19."[8] The record contains no evidence of such an order. Under such record, the "divorce decree remained a valid judgment, binding on the parties and enforceable according to its terms until modified by a separate proceeding instituted by a petition for modification."[9]

The Supreme Court of Georgia has instructed that "a party is not entitled to judgment as a matter of law on appellate review of the sufficiency of the evidence unless that party moved for a directed verdict on that basis."[10] Cawley did not move for a directed verdict. "[T]he failure to move for a directed verdict bars the party from contending on appeal that [he] is entitled to a judgment as a matter of law because of insufficient evidence, but . . . it does not bar [him] from contending that [he] is entitled to a new trial on that ground."[11] Accordingly, Cawley is entitled to a new trial.

2. Cawley's remaining contentions are rendered moot by Division 1.

*Judgment reversed with direction. Barnes, C. J., and Johnson, P. J., concur.*

---

[6] *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323 (419 SE2d 99) (1992).

[7] *Foster v. Foster*, 260 Ga. 813, 814 (2) (400 SE2d 629) (1991) (citation and punctuation omitted).

[8] *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124) (1995) (citations omitted; emphasis in original).

[9] *Hendrix v. Stone*, 261 Ga. 874 (1) (412 SE2d 536) (1992); see *Pearson*, supra at 100-101; see generally *Estes*, supra; *Smith*, supra.

[10] *Aldworth Co. v. England*, 281 Ga. 197, 200 (637 SE2d 198) (2006).

[11] Id. at 197-198.

DECIDED JULY 16, 2008 —
RECONSIDERATION DENIED JULY 25, 2008.

*Thomas L. Kirbo III*, for appellant.
*John T. Croley, Jr.*, for appellee.