# Court of Appeals
# of the State of Georgia

ATLANTA,  October 05, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0066. BLANCA GRACIANO v. SERGIO MORENO.

It appears that Sergio Moreno and Blanca Graciano have never been married, but they engaged in a romantic relationship while Graciano was married to another man, and Graciano told Moreno that she was pregnant with Moreno's child. Moreno filed a petition for legitimation, custody, and visitation after the child's birth, but upon discovering that the child was not his, he asserted a claim for fraud and deceit, seeking to recover expenses he incurred in helping Graciano prepare and care for the child because she led him to believe the child was his.

Following a bench trial, the superior court entered a "final judgment for fraud and deceit," in which it entered judgment in the amount of $20,500 in Moreno's favor upon finding that he had established the elements of fraud against Graciano. The superior court noted that because Moreno was not the child's father, his claims for legitimation, custody, and visitation were moot. Graciano filed a motion for new trial, which the superior court denied. Graciano then filed this timely application for discretionary appeal.

We conclude that this case is subject to direct appeal because it is not an appeal from a judgment or order in a "domestic relations case." Under OCGA § 5-6-35 (a) (2), "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. Although a case involving legitimation or child custody ancillary to a divorce is generally considered a domestic relations case, see OCGA § 19-1-1 (a), here Moreno's claims for legitimation, custody, and visitation are no longer at issue, and the case is simply a tort action for fraud. See *Scott v. Mohr*, 191 Ga. App. 825, 826 (1) (383 SE2d 190)

(1989) ("There is authority for direct appeal in cases which originally may have arisen from a domestic relations situation, but which now sound only as an action at law for contract debt."). This Court has previously treated an order granting summary judgment as being subject to direct appeal, despite the existence of a paternity issue, because that issue was "ancillary to the more significant issues of estate administration and inheritance." See *Rodriguez v. Nunez*, 252 Ga. App. 56, 59 (3) (555 SE2d 514) (2001). Similarly, this Court has held that an order entered in a breach of contract action between former spouses was directly appealable, where the action was based upon a settlement agreement that was not incorporated into the divorce decree. See *Scott*, 191 Ga. App. at 826 (1); compare *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) (breach of contract action, based on settlement agreement incorporated into divorce decree, was a domestic relations case). The instant case is not a domestic relations case because, despite Moreno's initial petition, it is simply a fraud case and does not involve any issues of legitimation or child custody ancillary to a divorce.

Under OCGA § 5-6-35 (j), this Court will grant a timely discretionary application if the lower court's order is subject to direct appeal. Accordingly, this application is hereby GRANTED. Graciano shall have ten days from the date of this order to file a notice of appeal with the superior court, if she has not already done so. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



Court of Appeals of the State of Georgia
    Clerk's Office,
Atlanta,   *10/05/2020*

    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

    Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.